1  MICHAEL MADSEN D-15433

2  PLEASENT VALLEY STATE PRISON

3  P.O. BOX 8504

4  COALINGA, CALIFORNIA

5  93210 - 8504

6  PLAINTIFF (IN PRO SE)



RECEIVED

MAR 31 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL MADSEN                    CASE NO. CV07-03161 JSW

12  PLAINTIFF (IN PRO SE)           FIRST AMENDED COMPLAINT

13       VS.                        FOR CIVIL RIGHTS

14  DR. PETER SZEKRENYI (C.M.D.)     VIOLATIONS WITH
    CHIEF MEDICAL DIRECTOR (C.D.C AND R)
15  DR. CHARLES LEE (C.M.O.)         REQUEST FOR JURY TRIAL
    CHIEF MEDICAL OFFICER (S.V.S.P.)
16
    JOHN OR JANE DOE(S)  (S.R.N)(S.V.S.P.)
17  SENIOR REGESTERED NURSE
    M.T.A POWERS (S.V.S.P.) (2ND. WATCH)
18  ADMINISTRATIVE SEGRAGATION
19  M.T.A. JOHN OR JANE DOE(S) (3Rd. WATCH)
    ADMINISTRATIVE SEGRAGATION (S.V.S.P.)
20
    JOHN OR JANE DOE(S) (SERGENTS)
21  (2ND. AND 3RD. WATCH) (S.V.S.P.)
    ADMINISTRATIVE SEGRAGATION
22
    JOHN OR JANE DOE(S) (CORR. OFFICERS)
23  (2ND. AND THIRD WATCH) (S.V.S.P.)
    ADMINISTRATIVE SEGRAGATION
24  DEFENDANTS

25                  I. JURISDICTION

26  1.) THIS ACTION IS BEING BROUGHT PURSUANT TO 42 U.S.C. SEC. 1983,

27  TO REDRESS THE DEPRIVATION UNDER THE COLOR OF STATE LAWS,

28  AND THE RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED

                        (1)

1  STATES. JURISDICTION IS BASED UPON 28 U.S.C. SEC. 1331 AND 1343.
2  "THIS HONORABLE COURT ALSO HAS JURISDICTION OVER PLAINTIFF'S
3  STATE LAW CLAIMS PURSUANT TO 28 U.S.C. 1367." PLAINTIFF SEEKS
4  DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SEC. 2201 AND 2202.
5      THE UNLAWFUL ACTS AND PRACTICES OCCURRED PRIMARILY
6  WITHIN THIS JUDICIAL DISTRICT, AND THE MAJORITY OF DEFENDANTS
7  RESIDE WITHIN THIS DISTRICT. 28 U.S.C. SEC. 1391(b). PLAINTIFF
8  MICHAEL MADSEN IS FILEING THIS FIRST AMENDED COMPLAINT TO
9  ADD THE PARTY(S) INVOLVED, AND TO ADD NEW INFORMATION THAT
10 WAS NOT IN THE BODY OF PLAINTIFF'S ORIGINAL COMPLAINT. YOUR
11 HONOR, THIS PLAINTIFF IS CURRENTLY HOUSED IN ADMINISTRATIVE
12 SEGRAGATION AND HAS MINIMAL ACCESS TO AN ADEQUATE LAW
13 LIBRARY. THIS CASE WILL REQUIRE FACTUAL INFORMATION THAT CAN-
14 NOT BE ADEQUATELY PERFORMED DUE TO MY CURRENT HOUSEING,
15 AS THE ISSUES ARE COMPLEX. THIS TYPE OF HOUSEING CREATES A
16 DEPRIVATION OF STATE-CREATED LIBERTY INTEREST, AND DOES POSE
17 ATYPICAL AND SIGNIFICANT HARDSHIP ON THIS PLAINTIFF. SANDIN
18 VS. CONNER (1995) 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed. 2d 415.
19 (Id. AT 483, 115 S.Ct. AT 2300.)
20 PRO SE STATUS, AS WELL AS A PRISONER BEING IN AD. SEG.,
21 PLACES PRISONER PLAINTIFF AT A SEVERE DISADVANTAGE. NOT
22 ONLY DO THEY NOT HAVE AN ATTORNEY REPRESENTING THEIR IN-
23 TERESTS, PLAINTIFF HAS NEVER BEFORE ARGUED BEFORE THE
24 COURTS HIS POSITION. AS THIS HONORABLE COURTS LEARNED COL-
25 LEAGUE JUDGE NOONAN SAID IN DISCUSSING ACCESS TO A LAW
26 LIBRARY FOR SEGREGATED PRISONERS: "A COLLECTION OF BOOKS
27 IS NEVER A SUBSTITUTE FOR A LAWYER. WE SHOULD NOT ROMAN-
28 TICIZE WHAT EVEN A JAILHOUSE LAWYER, MUCH LESS A POORLY-

1  EDUCATED INMATE, CAN ACCOMPLISH BY RUMMAGING FOR A FEW
2  HOURS IN A LIMITED COLLECTION. MANY INTELLIGENT PRISONERS
3  CAN PICK UP THE LINGO OF THE LAW; VERY FEW OF THEM CAN
4  PUT IT TOGETHER AND PRESENT A PERSUASIVE PETITION OR A
5  CLAIM."

6     PLAINTIFF RESPECTFULLY REQUESTS A JURY TRIAL ON ALL
7  THE ALLOWGATIONS PRESENTED IN THE BODY OF THIS COMPLAINT.

8                    II. PARTYS

9  2.) PLAINTIFF MICHAEL MADSEN IS, AND WAS AT ALL TIMES
10 MENTIONED HEREIN, A PRISONER OF THE DEPARTMENT OF CORR-
11 ECTIONS AND REHABILITATION, CITED HEREIN AS (DEPT. OF CORR, AND
12 RENAB). HE IS CURRENTLY CONFINED AT PLEASENT VALLEY STATE
13 PRISON, CITED HEREIN AS (P.V.S.P.). AT COLINGA, CALIFORNIA.
14    PLAINTIFF IS CURRENTLY HOUSED WITHIN P.V.S.P. ADMIN-
15 ISTRATIVE SEGRAGATION UNIT, HEREIN CITED AS (AD. SEG.).
16 3.) DEFENDANT DR. PETER SZEKRENYI, CHIEF MEDICAL DIRECTOR,
17 (C.M.D) FOR THE ENTIRE CALIFORNIA STATE PRISON SYSTEM, HE
18 IS LEGALLY RESPONSIBLE FOR THE OVERALL OPERATION OF ALL
19 MEDICAL CONCERNS. HE IS LEGALLY RESPONSIBLE FOR THE MEDICAL
20 WELFARE OF ALL INMATES CONFINED IN THE CALIF. DEPT. OF CORR.
21 AND RENAB,. HE IS LEGALLY RESPONSIBLE FOR DISSEMINATION OF
22 ALL MEDICAL DIRECTIVES, DECISIONS, AND MANDATED STATE LAWS,
23 STATUTES AND GUIDELINES AS WELL AS RULES GOVERNING HIS
24 SUBORDINATES. DEFENDANT IS RESPONSIBLE IN SOME MANNER
25 FOR THE STATE LAW VIOLATIONS, AND THE CONSTITUTIONAL VIO-
26 LATIONS AND DAMAGES SUFFERED TO PLAINTIFF. HE IS SUED
27 IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.
28 4.) DEFENDANT DR. CHARLES LEE, CHIEF MEDICAL OFFICER, (C.M.O.)

                        (3.)

1  AT SALINAS VALLEY STATE PRISON (S.V.S.P.) HE IS LEGALLY RES-
2  PONSIBLE FOR ALL THE MEDICAL CONCERNS AT (S.V.S.P). HE
3  IS LEGALLY RESPONSIBLE FOR THE MEDICAL WELFARE OF ALL
4  THE INMATES IN GENERAL POPULATION AND ADMINISTRATIVE SEG-
5  RAGATION (AD.-SEG.). HE IS LEGALLY RESPONSIBLE FOR THE
6  SUPERVISION OF ALL MEDICAL STAFF AT (S.V.S.P.). HE IS LEGALLY
7  RESPONSIBLE TO DISSEMINATE TO ALL MEDICAL STAFF, MEDICAL
8  DIRECTIVES, DECISIONS, STATUTES. STATE LAWS. AND MANDATES IN
9  EFFECT AT ALL TIMES PRESCRIBED BY LAW. DEFENDANT IS RESPON-
10 SIBLE IN SOME MANNER FOR THE STATE LAW VIOLATIONS, AND
11 CONSTITUTIONAL VIOLATIONS AND DAMAGES SUFFERED TO PLA-
12 INTIFF. HE IS SUED IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES.
13 5.) JOHN OR JANE DOE(S) SENIOR REGISTERD NURSE. (S.R.N.)(S.V.S.P.)
14 2ND. AND 3RD. WATCH(S), ADMINISTRATIVE SEGRAGATION (AD-SEG.).
15     IS LEGALLY RESPONSIBLE FOR THE INMATES MEDICAL WEL-
16 FARE. HE OR SHE IS LEGALLY RESPONSIBLE TO INSURE ALL MAN-
17 DATORY MEDICATIONS THAT FALL UNDER SERIOUS MEDICAL NEED AS
18 WOULD BE THE PROTOCOLS, ACCORDING TO CLINICAL STANDARDS FOR
19 HEALTHCARE. HE OR SHE IS LEGALLY RESPONSIBLE FOR THE SUPER-
20 VISION OF ALL M.T.A.(S) UNDER THEIR WATCH(S). HE OR SHE IS LE-
21 GALLY RESPONSIBLE FOR DISSEMINATION OF MEDICAL DIRECTIVES,
22 DECISIONS, STATUTES AND RULES, STATE AND AS WELL WITHIN THE
23 DEPT. OF. CORR. AND REHAB. DEPARTMENT OPERATIONS. DEFENDANT(S)
24 ARE RESPONSIBLE IN SOME MANNER FOR THE STATE LAW VIOLATIONS,
25 AND CONSTITUTIONAL VIOLATIONS AND DAMAGES SUFFERED TO
26 PLAINTIFF. HE OR SHE IS SUED IN THEIR INDIVIDUAL AND OFF-
27 ICIAL CAPACITIES.
28 6.) M.T.A. POWERS. (S.V.S.P) (2ND. WATCH) ADMINISTRATIVE SEG.-

1 RAGATION, DEFENDANT POWERS, IS LEGALLY RESPONSIBLE EVEN AS
2 THE ROLE OF GATEKEEPER. HER RESPONSIBILITIES INCLUDED IN-
3 FORMING SENIOR MEDICAL STAFF, IF A MANDITORY MEDICATION FOR
4 AN INMATES SERIOUS MEDICAL NEED, ENCOUNTERED AN ANOMALY
5 IN ITS DISTRIBUTION TAKES PLACE. SHE IS LEGALLY RESPONSIBLE
6 FOR ALL MEDICAL CONCERNS IN ADMINISTRATIVE SEGRAGATION, AS
7 SHE IS THE PLAINTIFFS FIRST LINE OF DEFENSE. DEFENDANT
8 POWERS IS LEGALLY RESPONSIBLE FOR DEFENDANTS IN-ACTION
9 TO NOTIFY SENIOR MEDICAL STAFF, AS WELL AS CUSTODY STAFF
10 IN THIS CASE. SHE WAS LEGALLY RESPONSIBLE FOR THE OBSERVATION,
11 REPORTING AND SIGNING THE REPORT OF PLAINTIFFS COM-
12 PLAINTS AND SERIOUS MEDICAL NEED. DEFENDANT WAS LEGALLY
13 RESPONSIBLE IN SOME MANNER FOR THE STATE LAW VIOLATIONS,
14 AND CONSTITUTIONAL VIOLATIONS AND DAMAGES SUFFERED BY
15 PLAINTIFF. SHE IS SUED IN HER INDIVIDUAL AND OFFICIAL CAP-
16 ACITIES.
17 7.) M.T.A. JOHN AND OR JANE DOE(S) (3RD. WATCH) ADMINISTRATIVE
18 SEGRAGATION, DEFENDANTS JOHN OR JANE DOE(S) (M.T.A.[5]) ARE
19 LEGALLY RESPONSIBLE EVEN AS THE ROLES OF GATEKEEPERS, THEIR
20 RESPONSIBILITIES INCLUDED INFORMING SENIOR MEDICAL STAFF, IF
21 A MANDITORY MEDICATION FOR AN INMATES SERIOUS MEDICAL NEED,
22 ENCOUNTERED AN ANOMALY IN ITS DISTRIBUTION TAKES PLACE, THEY
23 ARE LEGALLY RESPONSIBLE FOR ALL MEDICAL CONCERNS IN AD-
24 MINISTRATIVE SEGRAGATION, AS THEY ARE THE PLAINTIFFS FIRST
25 LINE OF DEFENSE. DEFENDANT(S) ARE LEGALLY RESPONSIBLE FOR
26 THEIR IN-ACTION TO NOTIFY SENIOR MEDICAL STAFF, AS WELL AS
27 CUSTODY STAFF IN THIS CASE. DEFENDANTS WERE LEGALLY RESPON-
28 SIBLE FOR THE OBSERVATION, REPORTING AND SIGNING THE

(5)

1  THE REPORT OF PLAINTIFFS COMPLAINTS AND SERIOUS MEDICAL
2  NEED. DEFENDANTS WERE LEGALLY RESPONSIBLE IN SOME MANNER
3  FOR THE STATE LAW VIOLATIONS, AND CONSTITUTIONAL VIOLATIONS
4  AND DAMAGES SUFFERED BY PLAINTIFF. HE OR SHE IS SUED IN
5  THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

6  8.) JOHN OR JANE DOE(S)  SERGENTS (2ND. AND 3RD. WATCH(S))
7  (S.V.S.P.) (AD. SEG.) UNIT.  DEFENDANT(S) ARE LEGALLY RESPON-
8  SIBLE EVEN AS THE ROLES OF GATEKEEPERS. THEIR RESPOSIBILITIES
9  ARE TO INCLUDE THE OVERALL SAFTY, SECURITY AND WELL BEING
10 OF THE INMATES IN ADMINISTRATIVE SEGRAGATION ON THEIR RE-
11 SPECTIVE WATCH(S). THEY ARE LEGALLY RESPONSIBLE TO  REPORT
12 ANY MEDICAL COMPLAINT THAT EVEN A LAY PERSON IN MEDICINE
13 WOULD CONSIDER A SERIOUS MEDICAL NEED. THEY ARE LEGALLY
14 RESPONSIBLE TO  DATE, TIME, AND LOG ANY SERIOUS MEDICAL
15 COMPLAINT BY INMATES  IN THEIR CARE. THEY ARE LEGALLY RE-
16 SPONSIBLE FOR THEIR  IN-ACTION  TO  FOLLOW MANDATED GUIDE-
17 LINES AS WOULD BE PROTOCOL. THEY ARE LEGALLY RESPONSIBLE
18 IN SOME MANNER FOR THE STATE LAW VIOLATIONS, AND CONSTIT-
19 UTIONAL VIOLATIONS AND DAMAGES SUFFERED BY PLAINTIFF, THEY
20 ARE SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

21 9.) JOHN OR JANE DOE(S) CORRECTIONAL OFFICERS (C.O.) (S.V.S.P.) AD-
22 MINISTRATIVE SEGRAGATION (2ND AND 3RD WATCH). HE OR SHE IS
23 DELIGATED AND RESPONSIBLE TO  REPORT, OBSERVE AND DOC-
24 UMENT IN THE LOG, ANY SERIOUS MEDICAL COMPLAINT BY
25 INMATES UNDER THEIR CARE. HE OR SHE IS LEGALLY REST-
26 PONSIBLE FOR THEIR IN-ACTION TO FOLLOW MANDATED GUI-
27 DELINES AS WOULD BE PROTOCOL. HE OR SHE IS LEGALLY
28 RESPONSIBLE IN SOME MANNER FOR THE  STATE LAW VIOLAT-

(6)

1  IONS, AND CONSTITUTIONAL VIOLATIONS AND DAMAGES SUFF-
2  ERED BY PLAINTIFF. HE OR SHE IS SUED IN THEIR INDIVIDUAL
3  AND OFFICIAL CAPACITIES.
4  10.) DEFENDANT DOE(S) AS LISTED NUMERICALLY  5, 7, 8 AND
5  9, ARE EACH RESPONSIBLE IN SOME MANNER FOR THE STATE
6  LAW VIOLATIONS AND CONSTITUTIONAL VIOLATIONS AND
7  DAMAGES TO PLAINTIFF ALLEGED HEREIN, THE TRUE NAMES
8  AND CAPACITIES OF DEFENDANTS  5, 7, 8, AND 9 ARE PRESENTLY
9  UNKNOWN TO PLAINTIFF. MANY OF THE DOE(S) WERE SUPERVISORS
10 INVOLVED IN POLICY- MAKEING DECISIONS AND ARE SUED IN
11 THEIR INDIVIDUAL AND OFFICIAL CAPACITIES. PLAINTIFF IS
12 INFORMED AND BELIEVES AND THEREFORE ALLEDGES ON IN-
13 FORMATION AND BELIEF. THAT EACH OF THEM IS RESPONS-
14 IBLE IN SOME MANNER FOR THE STATE LAW VIOLATIONS
15 AND CONSTITUTIONAL VIOLATIONS AND DAMAGES TO THE
16 PLAINTIFF ALLEGED HEREIN. PLAINTIFF THEREFORE SUES
17 DOE(S) 5, 7, 8 AND 9 BY SUCH FICTITIOUS NAMES AND
18 WILL AGAIN SEEK LEAVE TO AMEND THIS COMPLAINT TO
19 ADD THEIR TRUE NAMES WHEN THE SAME HAVE BEEN AS-
20 CERTAINED.
21 11.) EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS
22 OR HER OFFICIAL CAPACITY. DEFENDANTS, AT ALL TIMES
23 MENTIONED HEREIN/ ACTED UNDER THE COLOR OF CALIF-
24 ORNIA LAW.
25          III. INTRODUCTION OF FACTS
26 12.) THIS ACTION ARISES FROM THE DEFENDANT(S) PRACTICES, ACTS
27 AND/OR POLICIES WHICH HAVE CAUSED PLAINTIFF TO SUFFER
28 HIS CONSTITUTIONAL RIGHTS FROM BEING SUBJECTED TO

1   CRUEL AND UNUSUAL PUNISHMENT, AS WELL AS PLAINTIFFS DENIAL OF
2   DUE PROCESS OF LAW. AT THE TIME OF THESE FEDERAL PROTECTED
3   RIGHTS, THE DELIBERATE INDIFFERANCE BY PRISON OFFICIALS AND
4   MEDICAL STAFF. THE COURTS HAD ISSUED INJUNCTIONS TO IM-
5   PROVE CONSTITUTIONALLY INADEQUATE MEDICAL AND MENTAL HEALTH
6   CARE. IN ALL OF THE DEPT. OF CORR. AND REHAB. (C.D.C.AND R.).
7   (SEE) SHUMATE V. WILSON (E.D. CAL.) CIV. NO. 595-619 W.B.S. PAN;
8   ALSO COLEMAN V. WILSON (N.D CAL.1995) 912 F. SUPP. 1282
9   A.) THIS CASE SIGNIFICANTLY EFFECTED PLAINTIFFS DAILY ACT-
10   IVITIES, A DOCTOR HAD MADE AN ORDER, AND PRIOR RECOMM-
11   ENDATIONS, AND HERE THE MEDICAL STAFF AND PRISON STAFF
12   IGNORED, DELAYED, AND INTERFERED WITH THAT ORDER. AS
13   WILL BE SHOWN UPON PRODUCTION OF DOCUMENTS IF GRANTED BY
14   THIS HONORABLE COURT. RELATED IS THE RULES THAT PRISON
15   OFFICIALS MAY NOT OVERRULE A DOCTORS MEDICAL JUDGE-
16   MENT REGARDING TREATMENT. (SEE.) TOLBERT V. EYMAN (9TH
17   CIR. 1970) 434 F. 2d. 625.
18   B) THIS WAS NOT AN ISOLATED INCIDENT, AS THIS COURT WILL
19   AS WELL DISCOVER UPON THE RECIEPT OF THE PRODUCTION OF
20   DOCUMENTS, IT WILL AS WELL SHOW THIS CONTINUES AT THIS
21   TIME OF THIS FILEING.
22   C) THERE WAS NO WAY TO INFORM ANY OF THE SUPERIORS THAT
23   WOULD OF BEEN NECSSARY TO BRING ATTENTION TO THIS
24   MEDICAL EMERGENCY, AS PLAINTIFF DID INFORM M.T.A. POW-
25   ERS, M.T.A. JOHN OR JANE DOE(S) (3RD WATCH), JONN OR
26   JANE DOE(S) CORRECTIONAL OFFICERS. (2.ND AND 3RD)
27   WATCHS RESPECTIFULLY, THE NEED FOR IMMEDIATE MED-
28   ICAL ATTENTION. FOR HIS SERIOUS MEDICATION REQUIRED, AS

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1  ADOPTED IN THE CALIFORNIA CODE OF REGULATIONS, UNDER
2  THE PROVISION OF MEDICAL CARE, ARTICLE 8, C.C.R. TITLE
3  XV  3350.(A)(1)(5). SEE ALSO C.C.R. TITLE XV HEALTH CARE
4  RESPONSIBILITIES AND LIMITATIONS  C.C.R. 3354. (a)(7)(e).,
5  D)THIS IS AND WAS A SERIOUS MEDICAL NEED  SEE ESTELLE
6  V. GAMBLE (1976) 429 U.S. 97  IT ESTABLISHES A CONCLUSIVE
7  SYNOPSIS TO DEFENDANTS  DELIBERATE INDIFFERENCE.
8  E.) UNDER GOVERNMENT CODE SECTIONS 844.6(a) AND 845.6.,
9  CALIFORNIA LAW ALLOWS  A PRISONER TO SUE PRISON STAFF
10  TO SUMMON EMERGENCY MEDICAL CARE.
11  F.)PETITIONER SUFFERS FROM A SIGNIFICANT HERNIATION OF
12  HIS DISKS. AND RUPTURE OF HIS LUMBAR SPINE. PLAINTIFF
13  ENDURES CHRONIC BACK PAIN, AND AS A RESULT OF THIS FALL
14  FROM SUCH AN HEIGHT, EXASPERATED HIS ALLREADY DAMAGED
15  BACK. THIS INCIDENT HAS PLACED UPON PLAINTIFF SEVERE LIM-
16  ITATIONS ON HIS DAILY LIFE. PETITIONER WAS ISSUED AS WELL
17  AS APPROPRIATE STAFF CHRONOS PLACEING HIM ON A RESTRICT-
18  ED STATUS. WNICH ALSO UPON PRODUCTION OF DOCUMENTS WILL
19  REVEAL.
20  G.) PETITIONER MEETS THE DEFINITION OF A "PARTIALLY DIS-
21  ABLED" INMATE. BY NO FAULT OF HIS OWN. PETITIONER WAS NOT
22  GIVEN APPROPRIATE ACCOMIDATIONS, THAT WOULD OF LIMITED
23  HIS HEALTH AND SAFTY. IF HE SHOULD FALL. WHICH IN THIS CASE
24  PLAINTIFF DID, FROM SUCH A DISTANCE TO THE FLOOR WHILE HAV-
25  EING A SEIZURE. HE WAS HOUSED ON A TOP BUNK, AGAINST
26  ALL MEDICAL PROTOCOLS, FOR INMATES WITH THIS DESEASE.
27  H.) PRISON OFFICIALS DISREGARDED THEIR OWN INFORMATION
28  THAT WAS DISSEMINATED BY MEDICAL STAFF, PERTAINING TO

(9.)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1  PLAINTIFF. PLAINTIFF WAS HOUSED AND CONTINUES TO BE
2  PLACED IN DANGER FOR FURTHER HARM, TO HIS SERIOUS MED-
3  ICAL CONDITION. IT WAS AND IS MEDICALLY INAPPROPRIATE
4  TO CONTINUE DISREGARDING ORDERS BY DOCTORS AND THEIR
5  RECOMMENDATIONS,
6  I.) BECAUSE PLAINTIFF MADE REPEATED AND SPECIFIC REQUESTS
7  TO MEDICAL STAFF AND CUSTODY STAFF. IT GOES TO THE HEART
8  OF THIS CIVIL ACTION FOR DELIBERATE INDIFFERENCE BY
9  HIS REQUESTS TO ALL AVENUES AVAILABLE, AND THE STATE OF
10  MINDS THEN, AS WELL AS NOW, BY ALL THE DEFENDANTS WHO
11  HAVE BEEN NAMED. AND BY ALL WHO WILL BE NAMED IN THE
12  FUTURE ON PLAINTIFFS AMENDED COMPLAINTS.
13  J.) TO THE FOUNDATION OF EXHAUSTION AS MANDATED BY
14  THIS HONORABLE COURT. PLAINTIFF HAS DONE SO WHEN HIS ADMIN-
15  ISTRATIVE APPEAL WAS GRANTED. THE PLAINTIFF IS NOT OBLIG-
16  ATED TO CONTINUE THE APPEAL TO EXHAUST UNDER PORTER V
17  NUSSLE (2002) 534 U.S 516 (AT 532.)
18  K.) WHEN AN APPEAL HAS BEEN GRANTED. THE FULL EXTENT OF
19  RELIEF UNDER THE ADMINISTRATIVE SYSTEM HAS ALREADY
20  BEEN ACHIEVED. SEE. BRADY V. ALLYGALA (9th CIR. 2002)
21  196 F. SUPP. 2d. 1016.
22  L.) A GENERAL GRIEVANCE COMPLAINING ABOUT INADEQUATE
23  MEDICAL CARE MAY BE SATISFIED BY THE EXHAUSTION RE-
24  QUIREMENT REGARDING SEVERAL SPECIFIC ASPECTS OF MED-
25  ICAL CARE, IF THE GRIEVANCE SUFFICIENTLY PUTS PRISON
26  OFFICIALS ON NOTICE OF THE COMPLAINT. SEE. GOMEZ V.
27  WINSLOW (N.D. CAL. 2001) 177 F. SUPP. 2d. 977, 981-982.
28  M.) FOR AN EXTENDED PERIOD OF TIME SINCE THIS SERIES

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1 OF INCIDENTS. AND CONDITIONS OF PLAINTIFFS CONFINEMENT. IT HAS
2 CAUSED AN ADVERSE IMPACK ON PLAINTIFFS PHYSICAL AND MENTAL
3 WELL-BEING. AND AS WELL, CONSEQVENTLY RESTRICTED PLAIN-
4 TIFFS DAILY LIFE, IN THE FUTURE WITH THE IRREPURABLE HARM
5 CAUSED.

## IV. FACTS

6

7 13.) ON MARCH THE 2ND., OF 2006, WHILE PLAINTIFF WAS HOUSED
8 IN GENERAL POPULATION AT SALINAS VALLEY STATE PRISON(S.V.S.P.)
9 PLAINTIFF SUFFERED A SEIZURE. THE MEDICATION PRESCRIBED WAS
10 NOT APPROPRIATE FOR PLAINTIFF, PLAINTIFF WAS TAKEN TO THE EM-
11 ERGENCY ROOM AT 7:00 P.M. AT (S.V.S.P.) CORRECTIONAL TREAT-
12 MENT CENTER. DOCUMENTATION IS IN PLAINTIFFS MEDICAL FILE, SEE
13 ALSO; ATTACHED APPEAL LOG NO. (S.V.S.P.) A-06-00722 (EXHIBIT A.)
14 14.) UPON INFORMATION AND BELIEF, PLAINTIFF WAS PLACED INTO AD-
15 MINISTRATIVE SEGRAGATION ON OR ABOUT JUNE OF 2006. PLAINTIFF WAS
16 RETAINED IN (AD.-SEG.), PENDING THE OUTCOME OF AN INVESTIGATION
17 INTO PLAINTIFFS POSSIBLE INVOLVEMENT OR PARTICIPATION INTO A
18 CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, (CALIF. -
19 DEPT. OF. CORR. AND REHAB.) RULES VIOLATION. THIS FACT COMPLEATLY
20 CHANGES THE DYNAMIC OF AN INMATES ACCESS TO IMMEDIATE APRRO-
21 PRIATE MEDICAL CARE TO AN INMATES MEDICAL EMERGENCY. IF HE OR
22 SHE SHOULD EDCOUNTER ONE, THEY WOULD BE, AS THIS WAS THE CASE,
23 OF HIS OR HER GATEKEEPERS, AT THIER MERCY. SEE WOLFF V.
24 MCDONNELL 418 U.S. 539; 41 L.Ed. 2d. 935; 94 S.Ct. 2963. UNDER
25 WOLFF. STATES MAY IN CERTAIN CIRCUMSTANCES CREATE LIBERTY INTER-
26 ESTS THAT ARE PROTECTED BY THE DUE PROCESS CLAUSE. BUT
27 THESE INTERESTS WILL GENERALLY BE LIMITED TO FREEDOM FROM
28 RESTRAINT WHICH, WHILE NOT EXCEEDING THE SENTENCE IN SUCH

(11.)

1   AN UNEXPECTED MANNER AS TO GIVE RISE TO PROTECTION BY THE DUE PRO-

2   CESS OF ITS OWN FORCE, NONETHELESS IMPOSES A TYPICAL AND SIG-

3   NIFICANT HARDSHIP ON THE INMATE IN RELATION TO THE ORDINARY

4   INCIDENTS OF PRISON LIFE.

5   15.) UPON INFORMATION AND BELIEF, IN LATE JUNE OR EARILY JUAY OF

6   2006, PLAINTIFF WROTE LETTERS TO THE PRISON LAW OFFICE, AT SAN

7   QUENTIN, CALIF. SHOWING PLAINTIFF WAS CONCERNED ABOUT HIS

8   MEDICATION REGIMENS. AS HIS REQUIRED AND SERIOUS MEDICATIONS

9   WERE CONTINUEOUSLY STARTING AND STOPPING. SEE (EXHIBIT B)

10   MEMORANDUM TO JON WOLFF, SUPERVISING DEPUTY ATTORNEY

11   GENERAL, FROM ALISON HARDY/S.W. ON PLAINTIFFS BEHALF.

12   A) UPON PRODUCTION OF DOCUMENTS, THESE ANSWERS WILL BE AS-

13   EKTAINED TO SHED LIGHT TO THAT ISSUE. SEE INTRODUCTION OF

14   FACTS PAGE NO. 7. NUMBER 12 (A)

15   16.) ON INFORMATION AND BELIEF, PLAINTIFF WAS AGAIN NOTIFIED BY

16   MEDICAL STAFF, M.T.A. POWERS DEFENDANT, THAT PLAINTIFFS MED-

17   ICATION HAD EXPIRED.. PLAINTIFFS SEIZURE MEDICATION. PLAINTIFF

18   FILES AN EMERGENCY APPEAL ON JANUARY 2ND. OF 2007, LOG

19   NO. (S.U.S.P) DO7-00086, PER. CALIF. CODE OF REGULATIONS (C.C.R.)

20   TITLE XV 3084.7 (i). PLAINTIFF TRYS TO EXPLAIN TO M.T.A.

21   POWERS AND AS WELL CUSTODY STAFF, ESCORTING M.T.A. POWERS

22   THAT HE WAS NOT FEELING WELL. AND HE CANNOT WAIT THE

23   USUAL TIMES DESIGNED FOR NON-EMERGENCY MEDICAL ISSUES.

24   PLAINTIFF WAS IN NEED TO BE SEEN BY EMERGECY MEDICAL

25   STAFF. M.T.A. POWERS WOULD NOT LISTEN TO MY PLEAS. AND

26   I HAD SHOWED M.T.A. POWERS MY PAPERWORK WHERE BY IT

27   STATES I HAVE SEIZURES. AND WHAT THE MEDICATION WAS FOR.

28   AS STATED IN THE BODY OF THE EMERGENCY APPEAL. M.T.A.

(12.)

1   POWERS BECAME DISRESPECTFUL. BECAME LOUD. AND TOLD PLAIN-
2   TIFF HE WAS NOT GOING TO RECIEVE HIS MEDICATION. AND WALKED
3   AWAY. M.T.A. POWERS MAY NOT BE A PROVIDER WITHIN THE MEANING
4   OF MEDICAL LICENSING AND PROTOCOLS. SHE WAS A GATEKEEPER
5   REQUIRED TO NOTIFY A SENIOR NURSE, NURSE PRACTIONER, DOCTOR,
6   AND OR A DOCTORS ASSISTANT. ACCORDING TO THE CLINICAL STANDARDS
7   FOR HEALTHCARE. SEE MATA V. SAIZ 427 F.3d. 745 (10ᵀᴴ CIR 2005).
8   SEE ALSO CORDERO V. C.D.C. AND R (E.D. CAL) U.S. D.C. CASE NO. 1:05
9   -CV-0268 REC DLB, THESE VIOLATIONS OF HIS EIGHTH AMENDMENT
10  RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT (42 USC,12131)
11  AND THE REHABILITATION ACT (29 U.S.C. SEC. 794) TO WIT: WILLFUL
12  AND KNOWING DISREGARD FOR HIS SERIOUS MEDICAL NEEDS.
13  SEE; LANCASTER V. MONROE COUNTY 116 F.3d. 1497, 1427. (11ᵀᴴ CIR. 1997)
14  LANCASTER CLEARLY ESTABLISHED THAT AN OFFICIAL ACTS WITH DEL-
15  IBERATE INDIFFERENCE WHEN HE KNOWS THAT AN INMATE IS IN
16  SERIOUS NEED OF MEDICAL CARE, BUT HE FAILS OR REFUSES
17  TO OBTAIN MEDICAL TREATMENT FOR THE INMATE. SEE ALSO; -
18  HUDSON V. MᶜNUGH 148 F.3d. 859, 864. (7ᵗᴴ CIR. 1998) OFF-
19  ICIAL KNEW THAT THE PLAINTIFF WAS NOT GETTING HIS MEDICATION
20  FOR EPILEPSY; THIS IS A PROTOTYPICAL CASE OF DELIBER-
21  ATE INDIFFERENCE.  SEE (EXHIBIT C) APPEAL LOG NO. D-07-00086
22  17.)(EXHIBIT D) SUMMERY OF MEDICAL CARE IMPROVEMENTS RE-
23  QUIRED BY THE  PLATA COURT ORDER. THIS SHOWS BY DISSEMIN-
24  ATION TO INMATES. BY THE PRISON LAW OFFICE, THAT (S.V.S.P.)WAS
25  TO BE IN EFFECT FOLLOWING THE IMPROVEMENT SCHEDULE
26  BY 2003.
27  18.)(EXHIBIT E) LETTER TO PLAINTIFF DATED JANUARY 16. 2007,
28  FROM THE PRISON LAW OFFICE BY SHEENA JOHNSON. LITIGATION

(13.)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1  ASSISTANT UNDER ALISON HARDY. TO THEN BE INFORMED THAT
2  PLAINTIFFS MEDICAL CARE AND HEALTH CONCERNS WERE GOING TO BE
3  DISCUSSED ON THEIR NEXT SCHEDULED H.C.M CONFERENCE CALL.
4  THESE QUESTIONS WERE SUBMITTED TO THE ATTORNEY GEN-
5  ERALS OFFICE.
6  19.)(EXHIBIT F) PLAINTIFFS PATIENT MEDICATION PROFILE AS
7  OF JANUARY 2, 2007. STARTING ON JULY 6, 2006. IN THIS
8  PROFILE, IT SHOWS PLAINTIFFS REQUIRED MEDICATION HAS
9  NO ASSEMBLENCE OF PLAINTIFFS SERIOUS MEDICAL NEED FOR MED-
10  ICATION CONTINUITY. SEE LINES NUMBERED 4, 5, 9, 12, 18, 22 AND
11  25. RESPECTFULLY.
12  20.)(EXHIBIT G) C.D.C. AND R 602 INMATE APPEAL. LOG NUMBER
13  P.V.S.P.-S-07-02748. THIS APPEAL AGAIN ADDRESSES PLAINTIFFS
14  ATTEMPTS TO RECTIFY HIS NEED FOR SERIOUS DIALOGUE WITH PRO-
15  FESSIONAL MEDICAL STAFF. HIS PLACEMENT AGAIN ON A TOP BUNK,
16  HIS NEED FOR HIS SEIZURE MEDICATION TO BE CONTINUAL. AND
17  THE ISSUE PLAINTIFF HAD TO BE TAKEN BY AMBULANCE FOR
18  THE INJURIES SUFFERRD BY HIS SECOND IN A SERIES OF SEIZURES
19    PLAINTIFF WROTE A LETTER TO THE CHIEF MEDICAL OFFICER WITH
20  NO RESULTS DATED 8-22-07. ALSO ATTACHED IS THE ANSWER GIVEN
21  TO PLAINTIFF BY THE CCII MEDICAL APPEALS DELIGATE MS. C.
22  HERRERA. CO-SIGNED BY THE AMERICANS WITH DISABILITIES ACT
23  ASSOCIATE WARDEN J. AHLIN. WITH PLAINTIFFS CONTINUVEATION
24  OF THIS APPEAL. BOTH GRANTED AND PARTIALLY GRANTED PLAIN-
25  TIFF HAD FINALITY BY THE SYNOPSIS GIVEN PER THE INSTIT-
26  UTIONAL MEDICAL DIRECTOR OR (C.M.O.), AND ASSOCIATE WARDEN
27  R. HANSEN. INMATE MEDICAL SERVICES. THESE IRREFUTABLE
28  STATEMENTS NOW ENTERED INTO THIS CIVIL COMPLAINT. SHOWS

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1   A TOTAL LACK OF MEDICAL PROTOCOLS THAT WOULD BE WARREN-
2   TED IN THIS CASE. THE SUBJECTIVE COMPONENT OF THE TEST FOR
3   DELIBERATE INDIFFERENCE, TO AN INMATES SERIOUS MEDICAL NEED,
4   IS SATISFIED IF THE OFFICIAL KNOWS AND DISREGARDS AN EXCESS-
5   IVE RISK TO THE PLAINTIFFS HEALTH AND SAFETY. THE OFFICIAL
6   MUST BOTH BE AWARE OF THE FACTS FROM WHICH THE INFERRENCE
7   COULD BE DRAWN THAT A SUBSTANTIAL RISK OF SERIOUS HARM EXISTS,
8   AND HE OR SHE MUST ALSO DRAW THE INFERENCE. (U.S.C.A) 8.
9   SUFFICIENTLY SERIOUS. SEE FARMER V. BRENNAN 511 U.S.825,
10  ALSO WILLIAMS V. LIEFER 491 F.3d. 710 (7TH CIR, 2007) ALSO
11  CORDERO V. C.D.C. AND R   U.S.D.C. (E.D. CAL.) CASE NO. 1:05-CV-
12  0268 REC. D.L.B. THIS GOES TO THE HEART OF THIS CIVIL CASE,
13  PLAINTIFFS VIOLATIONS OF HIS 8TH AMENDMENT RIGHTS AND
14  HIS RIGHTS UNDER THE AMERICANS WITH DISABILITIES ACT 42
15  U.S.C SEC. 12131. AND THE REHABILITATION ACT 29 U.S.C.
16  SEC. 794. TO WIT! WILLFUL DISREGARD FOR HIS SERIOUS
17  MEDICAL NEEDS. CORDERO V (C.D.C/R.).
18  21.)(EXHIBIT H) PLAINTIFFS SUBMITTED APPEAL 602, THAT
19  SHOWS BY C.D.C. AND R. STAFF STONEWALLING PLAINTIFFS
20  APPEALS BY THE FACT PLAINTIFF FILED IT ON 8-27-07,
21  SHOWING IT TO BE PARTIALLY GRANTED ON 1-10-08, AND
22  RETURNED TO PLAINTIFF JUST SHORT OF 5 MONTHS. TOTAL
23  DISREGARD BY APPEAL MANDATES. PER (15 C.C.R. 3084.6(b)(2)
24  SEE ATTACHED ADDENDUM (A) THE ENTIRE INFORMATION
25  ON PLATA AND THE MEDICAL APPEALS REQUIRED BY THE
26  ADMINISTRATION.
27  22.)(EXHIBIT I) LETTER COPIED THAT WAS SENT TO THE
28  LISTED ATTORNEYS CITED IN PLAINTIFFS REQUEST FOR

(15.)

1  APPOINTMENT OF COUNSEL.

2  23.)(EXHIBIT J) LETTER TO PLAINTIFF BY THE CALIF. STATE

3  CHAIR JEAN LYNN, SHOWING PLAINTIFFS CONTINUATION OF

4  HIS SERIOUS MEDICAL NEEDS NOT BEING MET AT THE TIME

5  OF THIS FILING. PLAINTIFFS AMENDED CIVIL COMPLAINT,

6  DATED JANUARY 14, 2008.

7  24.) PLAINTIFF HOPES AND PRAYS THAT THESE FEW EXHIBITS

8  AND FACTS SHOW HE HAS MET RULE 8(a)(2), WHICH REQ-

9  UIRED ONLY "A SHORT AND PLAIN STATEMENT OF THE CLAIM

10  SHOWING PLEADER IS ENTITLED TO RELIEF". AS STATED BY

11  THE UNITED STATES SUPREME COURT IN ERICKSON V PARDUS

12  198 FED. APPX. 694, 698 (10ᵗᵗ CIR. 2006 ; ERICKSON V PARDUS

13  127 S. Ct. 2197 (2007)

14  25.) THE OBJECTIVE COMPONENT IS PLAINTIFF MADSEN HAS EVI-

15  DENCED THAT THE DEPREVATIONS AT ISSUE IS A FACT SUFF-

16  ICIENTLY SERIOUS. THE DELIBERATE INDIFFERENCE TO PLAINTIFF

17  IS IN DIRECT VIOLATION OF PLAINTIFFS CONSTITUTIONAL AMEND-

18  MENTS GUARANTEE AGAINST CRUEL AND UNUSUAL PUNISHMENT,

19  AND DUE PROCESS OF LAW, (8ᵀᴴ AND 14ᵀᴴ AMENDMENTS.)

20  THESE DEPRIVATIONS RESULTED IN SERIOUS AND SUBSTANTIAL

21  HARM. IT WILL BE SATISFIED BY PLAINTIFFS SHOWING IN HIS

22  MEDICAL RECORDS. HIS HANDICAP. PLAINTIFFS CONTINUAL INTER-

23  MITTENT LOSS OF FEELING IN HIS LEFT SIDE. AND SUBSTANTIAL

24  PAIN HE NOW SUFFERS, AS A CLEAR CUT RESULT OF THE DEF-

25  ENDANTS CAUSE AND IN·ACTION TO RESPOND TO PLAINTIFFS

26  CONTINUAL PLEAS TO HELP HIM. BOTH THE MEDICAL AND CUS-

27  TODY STAFF ARE CULPABLE. THIS IS NOT SOME ISOLATED IN-

28  CIDENT. IT ALSO SHOWS DEFENDANTS STATE OF MIND. THIS

(16.)

1  THIS CASE HAS STANDING. THIS CASE IS SO OBVIOUS THAT EVEN
2  A LAY PERSON WOULD EASILY RECOGNIZE THE NECESSITY FOR
3  IMMEDIATE MEDICAL ATTENTION. THE CIRCUMSTANCES OF
4  THE PLAINTIFF WERE PRESENTED TO THE DEFENDANTS. THE
5  PLAINTIFFS INJURIES CAN BE TRACED BACK TO THE DEFENDANTS
6  AND THEIR CONDUCT.

7                    Ⅴ. CAUSES OF ACTION

8  26.) PLAINTIFF SUPPORTS THE FOLLOWING CLAIMS BY REFERENCE
9  TO THE PREVIOUS PARAGRAPHS OF THIS COMPLAINT.

10                     COUNT ONE

11  27.) THE DELIBERATE INDIFFERENCE OF DEFENDANTS, DR. PETER
12  SZEKRENYI, CHIEF MEDICAL DIR. FOR THE ENTIRE C.D.C. AND R.;
13  DR. CHARLES LEE, CHIEF MEDICAL OFFICER FOR S.V.S.P.; M.T.A.
14  POWERS, 2ND WATCH: SENIOR REGESTERED NURSE, JOHN OR JANE
15  DOE(S) 2ND AND 3RD WATCH, S.V.S.P.; M.T.A. JOHN OR JANE DOE(S)
16  3RD WATCH, S.V.S.P.; JOHN OR JANE DOE(S) SERGENTS, 2ND AND
17  3RD WATCH; JOHN OR JANE DOE(S) CORRECTIONAL OFFICERS, 2ND
18  AND 3RD WATCH S.V.S.P.. ALL DEFENDANTS WERE IN SOME MANNER
19  NEGLIGENT IN ADMINISTRATIVE SEGREGATION AT S.V.S.P. FOR
20  THE SUBSTANTIAL RISK AND SERIOUS MEDICAL HARM THAT DE-
21  PRIVED AND CONTINUES TO DEPRIVE PLAINTIFF OF HIS RIGHTS
22  UNDER THE DUE PROCESS CLAUSE AND PLAINTIFFS RIGHTS TO BE
23  FREE OF CRUEL AND UNUSUAL PUNISHMENT OF THE EIGHTH AND
24  FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THESE
25  UNITED STATES OF AMERICA.

26  28.)                 COUNT TWO

27      DEFENDANTS FAILURES TO NOTIFY AND INTERVENE INTO
28  PLAINTIFFS SERIOUS MEDICAL NEED. DEFENDANTS FAILURES

                        (17.)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

AMOUNTED TO DELIBERATE INDIFFERENCE IN VIOLATION OF PLAIN-
TIFFS RIGHTS UNDER THE DUE PROCESS CLAUSE AND PLAINTIFFS
RIGHTS TO BE FREE OF CRUEL AND UNUSUAL PUNISHMENT UNDER
THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION
OF THESE UNITED STATES OF AMERICA.

### COUNT THREE

29.) THE DELIBERATE INDIFFERENCE OF DEFENDANTS TO PLAIN-
TIFFS SERIOUS MEDICAL NEEDS, DEPRIVED PLAINTIFF OF HIS
RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF
THE CONSTITUTION OF THESE UNITED STATES OF AMERICA.

### COUNT FOUR

30.) BY SUBJECTING PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT
AND DEFENDANTS DELIBERATE INDIFERENCE TO HIS HEALTH AND
SAFETY. AND BY EXPOSING PLAINTIFF TO A SUBSTANTIAL RISK
OF DEATH OR SERIOUS BODILY INJURY. DEFENDANTS VIOLATED THE
EIGHTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF
THESE UNITED STATES OF AMERICA. DEFENDANTS WERE FULLY AWARE
OF THIS RISK AND WERE DELIBERATELY INDIFFERENT TO THE
POSSIBLE CONSEQUENCES.

### COUNT FIVE

31.) DEFENDANTS HAVE DENIED PLAINTIFF EQUAL PROTECTION OF THE
LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE CON-
STITUTION BY INTENTIONALLY SUBJECTING PLAINTIFF TO INHU-
MANE CONDITIONS IN ADMINISTRATIVE SEGRAGATION.

### COUNT SIX

32.) PLAINTIFF REALLEGES AND INCORPERATES BY REFERENCE ALL
PREVIOUS PARAGRAPHS OF THIS COMPLAINT. DEFENDANTS HAVE DENIED
PLAINTIFF EQUEL PROTECTION OF THE LAW AS GUARANTEED BY

(18.)

1 ARTICLE I, SECTION 7, OF THE CALIFORNIA CONSTITUTION.

2                    COUNT  SEVEN

3 33.) DEFENDANTS  VIOLATIONS  OF PLAINTIFFS  DUE PROCESS

4 PROTECTIONS AND AS WELL  PROTECTIONS TO BE FREE FROM

5 CRUEL AND UNUSUAL PUNISHMENT, WERE PROTECTIONS UNDER

6 CALIFORNIAS PENAL CODE SECTIONS 147 AND 673, WHICH IM-

7 POSES A MANDATORY DUTY UPON DEFENDANTS, AND BY EACH OF

8 THEM, TO TREAT PLAINTIFF FAIRLY AND HUMANELY, AND

9 TO PROTECT  PLAINTIFFS  PHYSICAL AND MENTAL WELL-BEING.

10                   COUNT  EIGHT

11 34.) PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE

12 ALL PREVIOUS PARAGRAPHS OF THIS COMPLAINT. DEFENDANTS

13 HAVE A DUTY TO ESTABLISH POLICIES AND PROCEEDURES FOR

14 THE ADMINISTRATION OF SALINAS VALLEY STATE PRISON, AND

15 NOW AS WELL WITHIN PLEASENT VALLEY STATE PRISON WHERE

16 PLAINTIFF CURRENTLY IS HOUSED. SUPERVISORY DEFENDANTS HAVE

17 A DUTY TO PERFORM AND EXECUTE THEIR DUTYS IN A MANNER

18 CONSISTANT WITH STATE AND FEDERAL LAWS. SUPERVISORY DE-

19 FENDANTS HAVE A DUTY TO TRAIN AND SUPERVISE SUBOR-

20 DIVATE EMPLOYEES. SUPERVISORY DEFENDANTS BREACHED

21 THEIR DUTIES TO LEGALLY ADMINISTER THE PRISON, AND

22 MOST IMPORTANT IN THIS CASE THE ADMINISTRATIVE SEG-

23 RAGATION UNIT. DEFENDANTS BREACHED THEIR DUTIES

24 TO TRAIN AND SUPERVISE SUBORDINATES WHERE PLAIN-

25 TIFFS RIGHTS WERE VIOLATED AS A RESULT OF DEFEN-

26 DANTS  ACTING IN  VIOLATION OF DEFENDANTS  POL-

27 ICIES AND PRACTICES, TO THE EXTENT SUPERVISORY DEF-

28                    (19.)

1  ENDANTS HAD ACTUAL AND CONSTRUTIVE KNOWLEDGE OF THE VIOLATIONS
2  AND DID NOTHING TO PREVENT OR CORRECT THEM.

### VI CAUSATION

4  33.) AS A DIRECT AND PROXIMATE RESULT OF THE AFORE MENTIONED ACTS
5  AND OMISSIONS ON THE PART OF DEFENDANTS, PLAINTIFF HAS SUFFERED
6  AND CONTINUES TO SUFFER GENERAL AND SPECIAL DAMAGES IN AN AMOUNT
7  TO BE PROVEN AT TRIAL. PLAINTIFF HAS NO PLAIN, ADEQUATE OR
8  COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED
9  HEREIN. PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREP-
10  ARABLY INJURED BY THE CONDUCT OF DEFENDANTS UNLESS THE
11  COURT GRANTS DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAIN-
12  TIFF SEEKS.

### VII. PRAYER FOR RELIEF

14  34.) PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGE-
15  MENT GRANTING PLAINTIFFS!
16  35.) A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED
17  HEREIN VIOLATED PLAINTIFFS RIGHTS UNDER THE CONSTITUTION
18  AND LAWS OF THE UNITED STATES.
19  36.) A DECLARATORY AND PRELIMINARY INJUNCTION AS
20  THIS COURT DEEMS APPROPRIATE UNDER THE LAWS OF THE
21  UNITED STATES.
22  37.) COMPENSATORY DAMAGES IN THE AMOUNT OF $10,000.00
23  AGAINST EACH DEFFUDANT, JOINTLY AND SEVERALLY.
24  38.) PUNITIVE DAMAGES IN THE AMOUNT OF $10,000.00 AGAINST
25  EACH DEFENDANT.
26  39.) A JURY TRIAL ON ALL ISSUES TRIABLE BY A JURY.
27  40.) PLAINTIFFS COSTS OF THIS SUIT.
28                              (20.)

1  41.) ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PRO-
2  PER, AND EQUITABLE.

3

4  DATED 3-26-08                              _Michael Madsen_
5                                          RESPECFULY SUBMITTED

6                                    MICHAEL MADSEN D-15433
7                                    PLEASENT VALLEY STATE PRISON
                                     P.O. BOX 8504  D-4-112
8                                    COALINGA, CALIFORNIA
9                                          93210-8504

10              VERIFICATION

11    I HAVE READ THE FOREGOING COMPLAINT AND HEREBY
12  VERIFY THAT THE MATTERS ALLEGED HEREIN ARE TRUE, EXCEPT
13  AS TO MATTERS ALLEGED ON INFOREMATION AND BELIEF, AND,
14  AS TO THOSE. I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER
    PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
15

16              EXECUTED AT _P.V.S.P COALINGA, CA._
17

18

19  _Michael Madsen_
20  MICHAEL MADSEN
    PLAINTIFF IN PRO SE
21

22

23

24

25

26

27

28

              (21.)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

## PROOF OF SERVICE BY MAIL

1

2

3          I, _Michael Madsen_____, declare;

4    I am at least 18 years of age, and a party / and not a party to the attached herein

5    cause of action. My mailing address is;

6                    PLEASANT VALLEY STATE PRISON
                  FACILITY D, BUILDING 4 , CELL 112
7                    POST OFFICE BOX 8504
                    COALINGA CALIFORNIA
8                      93210-8504

9    On _MARCH 26,TH_____,200 8 , I delivered to prison officials at Pleasant Valley

10   State Prison at the above address the following documents for mailing via the U.S.

11   Postal Service:

12   1. _Summons_____

13   2. _First Amended Complaint  (Plaintiff) and Exhibits (A) Through (J)_

14   3. _First Request For Production of Documents (Plaintiff)_

15   4. _Ex Parte Motion Request For Appointment of Counsel (Plaintiff)_

16   5. _(3) Sets of all above._

17   In a sealed envelope(s) with postage fully prepaid, addressed to:

18   1. _United States District Court_

19   _Northern District of California_

20   2. _Clerk's Office_

21   _450 Golden Gate Ave., 16TH floor_

22   3. _San Francisco, California_

23           _94102_

24   4._____

25

26

27       I declare under penalty of perjury that the  foregoing is true and correct.

28   Executed this _26_ day of _MARCH_____, 200 8; at Coalinga, California.


                              _Michael Madsen_
                              Petitioner / Declarant IN PRO PER

1

2          *EXHIBIT A*

3

4                                              RECEIVED

5                                          MAR 31 2008

6                                    RICHARD W. WIEKING
                                  CLERK, U.S. DISTRICT COURT
7                              NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   INMATE APPEAL LOG. NUMBER S.V.S.P. A-06-00722

25   MADSEN, MICHAEL D-15433

26   (3) PAGES

27

28   CASE NO. CV07-03161 J.S.W.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

(EXHIBIT A) CASE NO. CV07-03161 JSW

## INMATE APPEAL ROUTE SLIP

To: CTC

Date: March 9, 2006

From: INMATE APPEALS OFFICE

Re: Appeal Log Number SVSP-A-06-00722 By Inmate MADSEN, D15433

Please assign this appeal to appropriate staff for FIRST level response.

A57142

Appeal Issue: MEDICAL
Due Date: 04/18/2006
Special Needs:

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. W hen complete, r eturn a ppeal t o t he A ppeals O ffice. A ll f irst l evel appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.


T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

STATE OF CALIFORNIA

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region    Log No.    Category   8

1. SVSP    1. 06-00737

2. _____    2. _____    CTC   1ST

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. **Medical - Medication**

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MICHAEL MADSEN | D-15433 | A-2-B | A5-114 |

A. Describe Problem: ON 3-2 AT APPRX. 7:00 PM I HAD A SEIZURE WHICH WAS SEVERE ENOUGH TO HAVE ME PLACED IN E.R OF C.T.C WHILE THERE I WAS CHECKED AND TOLD FIRST THING IN THE MORNING I WOULD SEE A DR WHO WOULD EVALUATE ME AND THE MEDICATION) I AM ON. THE PRESENT MEDICATION I AM TAKING PER MEDICAL PERSONAL (NURSE PRACTITIONER) - BEY IS "DILANTIN" WHICH SHE PRESCRIBED IN LIEU OF WHAT I USUALLY TAKE WHICH IS- NEURONTIN. WHEN I WAS IN C.T.C I WAS TOLD IT WOULD

If you need more space, attach one additional sheet.

REC'D MAR 08 2006

B. Action Requested: BE AFFORDED THE MEDICAL CARE AS REQUIRED PER 3350 CCR (B) (1) (4) (5) UNDER CAL. PEN. CODE - 5058, 5054 AND TREATMENT / MEDICATION (NEURONTIN) TO PREVENT ANY FURTHER SEIZURES CAUSED BY DILANTIN - BE SEEN BY A MEDICAL DR.

Inmate/Parolee Signature: Michael Madsen (CCCMS)    Date Submitted: 3-5-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

EXHIBIT A

SLSP-A-06-00722

MADSEN D15433 A5-114                    ②

BE RECOMMENDED I BE PLACED BACK
ON MY USUAL MEDICATION AND PAPERWORK
SENT TO THE YARD MEDICAL PERSONAL WITH
THESE INSTRUCTIONS. IT SHOULD BE NOTED THIS
IS MY SECOND SEIZURE IN A SHORT PERIOD OF
TIME AFTER NOT HAVING ANY FOR OVER TWO
YEARS~ REFER TO MEDICAL FILE. I ALSO HAVE
BEEN ON THIS MEDICATION BEFORE- DILANTIN
AND IT WAS DISCONTINUED AS I HAD A SEIZURE
                    (NURSE PRACTIONER)
I MADE MEDICAL PERSONAL- BEY AWARE OF
THIS WHERE WITHOUT EVEN LOOKING IN DEPTH
AT MY MEDICAL FILE SHE PRESCRIBED IT
ANYWAY

        ON 3-3-06 AFTER A EXTENDED
AMOUNT OF TIME REQUESTING TO BE SEEN AS I
WAS TOLD LAST NIGHT I WOULD BE. RELUCTANTLY
A M.T.A AGREED TO SEE ME AND CALLED ME
IN. AFTER EXPLAINING I HAD A SEIZURE, MY
MEDICATION NOT EFFECTIVE AND CAUSING ME
SEIZURES. I WAS TOLD " WHAT DO YOU WANT
ME TO DO"? I EXPLAINED I NEEDED TO SEE A
DR PER WHAT I WAS TOLD LAST NIGHT. THE
M.T.A SAID I WOULD NOT SEE A DR AND TO
CONTINUE ON MY PRESENT MEDS AS NO CHANGES
WOULD BE MADE. SOMETIME NEXT WEEK I WOULD
BE SEEN. I ONCE AGAIN ATTEMPTED EXPLAINING TO
THE M.T.A I NEEDED TO SEE THE DR. AND TOO
GET TREATMENT FOR INJURIES SUFFERD IN THE
COURSE OF MY SEIZURE AND WAS REFUSED ALL
                (NURSE PRACTIONER)
OF THE ABOVE. MEDICAL PERSONAL BEY HAS SHOWN A
(CLEAR AND DELIBERATE MEDICAL INDIFFERENCE) TO
MY MEDICAL NEED WHICH HAS RESULTED IN NOT ONLY
SEIZURES BUT INJURIES SUFFERD IN HAVING THEM

1

2      *EXHIBIT B*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    MEMORANDUM LETTERS  TO JONATHAN L. WOLFF

26    DEPUTY ATTORNEY GENERAL; FOR MADSEN, MICHAEL

27    (2) PAGES

28    CASE NO. CV07-03161 J.S.W.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

EXHIBIT B    CASE NO. CV07-03161 JSW



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Keith Wattley

## MEMORANDUM

To:      Jon Wolff, Supervising Deputy Attorney General
From:   Alison Hardy/SW
Date:    7/18/2006
Re:      *Plata* 4 – Individual Inmate Possible Urgent Medical Concern – Request for
         Review

---

Michael Madsen, D-15433          SVSP          Region 3

   Mr. Madsen may have an urgent medical concern. Mr. Madsen writes that he suffers
from a seizure disorder and has been on medication for two years. According to Mr.
Madsen, his medication expired and was not refilled for at least five days. He writes that
he had a seizure at night and fell off the top bunk, and that his medication has still not been
refilled. He also writes that he has a lower bunk/lower tier chrono for seizures.

Please respond to the following:

   1) Is Mr. Madsen's seizure disorder documented in his UHR? Please explain.

   2) Is Mr. Madsen currently in an upper bunk? If so, please explain.

   3) Please list all anti-seizure medications that Mr. Madsen currently takes.

   4) Was there a lapse in Mr. Madsen's anti-seizure medication? Please explain.

Board of Directors
Marshal Krause, President • Michele WalkinHawk, Vice President
Honorable John Burton • Penelope Cooper • Felecia Gaston • Christine Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

Date    :    July 28, 2006

To      :    Jonathan L. Wolff
             Supervising Deputy Attorney General
             State of California Department of Justice

Subject:    **PRISON LAW OFFICE REQUESTS FOR REVIEW OF *PLATA* INMATE CONCERNS
            RELATING TO INMATE MICHAEL MADSEN, D-15433**

Pursuant to the Stipulation For Injunctive Relief agreed to in re *Plata v. Schwarzenegger*, the Health
Care Manager at the Salinas Valley State Prison (SVSP) has provided the following information in
response to the questions asked by Alison Hardy of the Prison Law Office.

   1.  Is Mr. Madsen's seizure disorder documented in his UHR?  Please explain.
       *Yes, his seizure disorder is documented in his UHR.*

   2.  Is Mr. Madsen currently in an upper bunk?  If so, please explain.
       *Mr. Madsen is currently assigned to a lower bunk; D1-116L*

   3.  Please list all anti-seizure medications that Mr. Madsen currently takes.
       *He is receiving Gabapentin.*

   4.  Was there a lapse in Mr. Madsen's anti-seizure medication?  Please explain.
       *The following are the prescription dates on the current Rx profile:  June 23, 2006,
       through June 25, 2006; July 10, 2006, through July 24, 2006; July 24, 2006, through
       October 18, 2006.*

       *It appears there was a two week lapse between June 25, 2006, and July 10, 2004.  The
       HCM has referred this to the Director of Nursing to determine why there was a lapse.
       Fortunately, he did not have a seizure during this time.*

Thank you for your assistance in this matter.  Please do not hesitate to contact me at
(916) 327-1205, if you have any questions.


VICKI O'SHAUGHNESSY
Staff Services Manager II
Clinical Operations Support Section
Division of Correctional Health Care Services

cc:  Jessica Devencenzi, Staff Counsel, Division of Legal Affairs (By Electronic Mail)
     Alison Hardy, Prison Law Office (By Electronic Mail)
     Charles Lee, M.D., Health Care Manager, SVSP
BK  Medical Appeals Analyst, SVSP

1

2          EXHIBIT C

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  INMATE APPEAL LOG. NUMBER S.V.S.P. D-07-00086

26  MADSEN, MICHAEL  D-15433

27  (2) PAGES

28  CASE NO. CV07-03161 J.S.W.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

1. _____   _____

2. _____   _____   CTC - /8⁺

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| MICHAEL MADSEN | D-15433 | — | D1-128 |

A. Describe Problem: PER SECTION 3084.7 (1) OF THE TITLE IS REQUEST THIS 602 CLASSIFIED AS ~ EMERGENCY · BEING ITS A MEDICAL NECESSITY I GET SEIZURE MEDICATION AND WHEN DENIED IT HAS THE POTEN-TIAL FOR SERIOUS INJURY WHEN I HAVE A SEIZURE. ON ABOVE DATE I WAS INFORMED BY MTA POWERS MY SEIZURE MEDICATION GABAPENTIN EXPIRED AND I NEEDED TO SEE A DR. I ATTEMPTED TO EXPLAIN THAT THIS MEDICATION WAS - AR (AUTOMATIC REFILL) FOR SEIZURES AND I NEEDED TO GO ABOUT GETTING IT - RATHER

If you need more space, attach one additional sheet.

B. Action Requested: NEED TO HAVE MY GABAPENTIN REFILLED BENEWED OR DOCUMENTATION OF THIS INCIDENT

RECD JAN 0 8 2007

Inmate/Parolee Signature: Michael Madsen        Date Submitted: 1-02-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by accompleted        CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

EXHIBIT E   CASE NO. CV07-03161 JSW

THAN WAITING THE WEEK (2) WEEKS SHE
INFORMED ME IT MAY TAKE. I AGAIN ATTEMPTED
TO EXPLAIN AND SHOW M.T A POWERS MY PAPERWORK
WHERE BY IT STATES I HAVE SEIZURES THIS IS
WHAT THE MEDICATION IS FOR, IT'S (AR) AND ITS
NEEDED TO CONTROL MY SEIZURES. RATHER THAN
LISTEN AND ATTEMPT TO RESOLVE THIS ISSUE BY
WAY OF INFORMING MEDICAL PERSONAL SHE TOLD
ME HOW I WASN'T GONNA GET IT, BECAME LOUD
AND DISRESPECTFUL AND WALKED AWAY. HAVING

1

2          EXHIBIT  D

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    SUMMARY OF MEDICAL CARE IMPROVEMENTS REQUIRED

25    BY THE PLATA ORDER; (DISSEMINATED TO ALL C.D.C. /R. INMATES)

26    SHOWING SCHEDULE FOR IMPROVEMENTS.. S.V.S.P 2003,

27    P.V. S. P. 2004.. (1) PAGE

28    CASE NO. CV07-03161-J.S.W,

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

EXHIBIT D   CASE NO CV07-03161 J.S.W

**Transfers**: Patients must be transferred with medical record and new confidential summary of medical status. Completion of pending specialty or consultation appointments required at new prison within 30 days of original appointment date. Medical chronos remain in effect after transfer.

**Quality Monitoring**: Each prison required to undertake continuous program to monitor compliance; CDC central office required to regularly monitor each prison's compliance with medical policies and procedures consistent with the implementation schedule below. Special procedures established for review of every death.

**Schedule for Improvements**:

By January 1, 2003, at all prisons: (1) around-the-clock nursing coverage; (2) transfer protocols to be used; (3) priority ducats for medical appointments; (4) medical diets for kidney or liver end-stage organ failure patients; (5) new treatment protocols if money and staff available.

All other improvements under the following schedule;

2003: Valley State, Corcoran, High Desert, CSP-Sacramento, Salinas Valley, CIW and CCWF
2004: CCI, Mule Creek, San Quentin, SATF, and PVSP
2005: Centinela, CIM, CMC, CMF, and RJD
2006: CRC, DVI, Folsom, CSP-Los Angeles (Lancaster), and CSP-Solano
2007: CCC, Calipatria, Chuckawalla, North Kern, North Kern II
2008: Avenal, CTF, Ironwood, SCC, and Wasco

1

2          EXHIBIT E

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   LETTER TO  MADSEN, MICNAEL D-15433, FROM THE

26   PRISON LAW OFFICE,

27   (1) PAGE

28   CASE NO. CV07-03161 J.S.W.

COURT PAPER
STATE OF CALIFORNIA



# PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

1/16/2007

Michael Madsen, D-15433
SVSP
PO Box 1050
Soledad, CA 93960-1050

Dear Mr. Madsen:

I write to inform you that based on your letters received on 1/8/07 and 1/10/07 we will be re-opening your file. We will discuss your medical care and health concerns at our next scheduled HCM conference call. We will contact you again once the call has taken place. We have submitted the following questions to the Attorney General's Office:

In a letter received 1/10, Mr. Madsen writes that he is not receiving his seizure medication. He writes that his prescription expired on 12/31. He says that he saw the doctor on 1/5 who renewed his prescription, but that he still has not rec `ved his Gabapentin. He writes that he suffered a seizure on 1/6.

1) Has Mr. Madsen's seizure medication been renewed? If not,      e explain. Is he receiving currently?

2) Does his MAR reflect that there was a lapse him receiving his medication? If so, please explain.

Sincerely,

Sheena Johnson
Litigation Assistant under Alison Hardy

Enclosures: None

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

1

2                  EXHIBIT  F

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 INMATE  MADSEN, MICHAEL  D-15433,  MEDICATION

26 PROFILE   NO.  1 THRU  28   PRINTED   1-2-07

27 (1) PAGE

28 CASE  NO.  CV07-03161  J.S.W

RECEIVED

MAR 3 1 2008

RICHARD W. WIEKING
CLERK, U S DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

*** PATIENT PROFILE AS OF 01/02/2007 ***
Includes All prescriptions from 07/06/2006

*Discontinued Drugs are Marked with ***

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**D15433  MADSEN, MICHAEL**          *EXHIBIT  F*

=====================================================================

| | START | STOP | Refill | DRUG | Sig | DR |
|---|---|---|---|---|---|---|
| 1 | 10/17/2006 | 01/15/2007 | Y | OXCARBAZEPINE 600MG TAB | 1 TAB AT BEDTIME *** NAM *** AR | NORUM |
| 2 | 10/17/2006 | 01/15/2007 | Y | OXCARBAZEPINE 150MG TAB | 1 TAB IN AM *** NAM *** AR | NORUM |
| 3 | 09/22/2006 | 12/31/2006* | N | TRAMADOL 50MG TAB | TAKE 1 TAB 3 TIMES A DAY AS NEED/PAIN **DOT** RR | BOWMAN,ROBERT |
| 4 | 09/22/2006 | 12/31/2006* | Y | GABAPENTIN 600MG TAB | TAKE 1 TAB 3 TIMES A DAY *** DOT *** AR | BOWMAN,ROBERT |
| 5 | 09/22/2006 | 12/29/2006* | Y | GABAPENTIN 600MG TAB | TAKE 1 TAB 3 TIMES A DAY *** DOT *** AR | BOWMAN,ROBERT |
| 6 | 10/17/2006 | 12/26/2006* | Y | OXCARBAZEPINE 600MG TAB | 1 TAB AT BEDTIME *** NAM *** AR | NORUM |
| 7 | 10/17/2006 | 12/26/2006* | Y | OXCARBAZEPINE 150MG TAB | 1 TAB IN AM *** NAM *** AR | NORUM |
| 8 | 09/22/2006 | 12/26/2006* | N | TRAMADOL 50MG TAB | TAKE 1 TAB 3 TIMES A DAY AS NEED/PAIN **DOT** RR | BOWMAN,ROBERT |
| 9 | 09/22/2006 | 12/15/2006* | Y | GABAPENTIN 600MG TAB | TAKE 1 TAB 3 TIMES A DAY *** DOT *** AR | BOWMAN,ROBERT |
| 10 | 10/17/2006 | 12/12/2006* | Y | OXCARBAZEPINE 600MG TAB | 1 TAB AT BEDTIME *** NAM *** AR | NORUM |
| 11 | 10/17/2006 | 12/12/2006* | Y | OXCARBAZEPINE 150MG TAB | 1 TAB IN AM *** NAM *** AR | NORUM |
| 12 | 09/22/2006 | 12/01/2006* | Y | GABAPENTIN 600MG TAB | TAKE 1 TAB 3 TIMES A DAY *** DOT *** AR | BOWMAN,ROBERT |
| 13 | 09/22/2006 | 11/30/2006* | N | TRAMADOL 50MG TAB | TAKE 1 TAB 3 TIMES A DAY AS NEED/PAIN **DOT** RR | BOWMAN,ROBERT |
| 14 | 10/30/2006 | 11/29/2006* | N | HEMORRHOIDAL HC SUPPOS | 1 SUPPOS PER RECTUM 4 TIMES DAILY AS NEEDED RR | SID,RANDY |
| 15 | 10/30/2006 | 11/29/2006* | N | HYDROCORTISONE CR. 2.5% | APPLY DAILY TO AFFECTED AREA AS DIRECTED RR | SID,RANDY |
| 16 | 10/17/2006 | 11/28/2006* | Y | OXCARBAZEPINE 150MG TAB | 1 TAB IN AM *** NAM *** AR | NORUM |
| 17 | 10/17/2006 | 11/28/2006* | Y | OXCARBAZEPINE 600MG TAB | 1 TAB AT BEDTIME *** NAM *** AR | NORUM |
| 18 | 09/22/2006 | 11/17/2006* | Y | GABAPENTIN 600MG TAB | TAKE 1 TAB 3 TIMES A DAY *** DOT *** AR | BOWMAN,ROBERT |
| 19 | 10/17/2006 | 11/14/2006* | Y | OXCARBAZEPINE 600MG TAB | 1 TAB AT BEDTIME *** NAM *** AR | NORUM |
| 20 | 10/17/2006 | 11/14/2006* | Y | OXCARBAZEPINE 150MG TAB | 1 TAB IN AM *** NAM *** AR | NORUM |
| 21 | 09/22/2006 | 11/06/2006* | N | TRAMADOL 50MG TAB | TAKE 1 TAB 3 TIMES A DAY AS NEED/PAIN **DOT** RR | BOWMAN,ROBERT |
| 22 | 09/22/2006 | 11/03/2006* | Y | GABAPENTIN 600MG TAB | TAKE 1 TAB 3 TIMES A DAY *** DOT *** AR | BOWMAN,ROBERT |
| 23 | 10/17/2006 | 10/31/2006* | Y | OXCARBAZEPINE 600MG TAB | 1 TAB AT BEDTIME *** NAM *** AR | NORUM |
| 24 | 10/17/2006 | 10/31/2006* | Y | OXCARBAZEPINE 150MG TAB | 1 TAB IN AM *** NAM *** AR | NORUM |
| 25 | 09/22/2006 | 10/20/2006* | Y | GABAPENTIN 600MG TAB | TAKE 1 TAB 3 TIMES A DAY *** DOT *** AR | BOWMAN,ROBERT |
| 26 | 09/18/2006 | 10/17/2006* | N | OXCARBAZEPINE 150MG TAB | TAKE 1 TAB IN AM AND PM (450MG) ** NAM *** AR | HYDERI, M |
| 27 | 09/18/2006 | 10/17/2006* | N | OXCARBAZEPINE 300MG TAB | TAKE 1 TAB IN AM AND PM (450MG) ** NAM ** AR | HYDERI, M |
| 28 | 09/18/2006 | 10/16/2006* | Y | OXCARBAZEPINE 150MG TAB | TAKE 1 TAB IN AM AND PM (450MG) ** NAM *** AR | HYDERI, M |

Printed Date: 01/02/2007
Rx File Date: 12/13/2006

1

2    *EXHIBIT G*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    INMATE APPEAL, LOG NUMBER P.V.S.P. S-07-02748

25    MADSEN, MICHAEL D-15433  SHOWING ALL RESPONSES TO

26    CONTINUEATION OF SAME PROBLEM,

27    (8) PAGES

28    CASE NO, CV07-03161 J.S.W.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

EXHIBIT "B"   CASE NO. CV07-03161 JSW

## INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location:   Institution/Parole Region          Log No.                    Category

1.  NSP-S                              1.  07-02748                          8

2.  _____        2.  _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MICHAEL MADSEN | D-15433 | A2B | D4-117 |

A. Describe Problem: I SAW A DR ON A-YARD WHO WAS SUPPOSE TO HAVE RE-NEWED · PRESC-
-RIBED ALL MY MEDICATIONS · INCREASING MY GABAPENTIN · RENEWING IT / PRESCRIBING
A STRONGER PAIN MED THAN THE TRAMADOL X3 TIMES A DAY I WAS ALREADY
ON. I CAME TO AD SEG ON 8-10 WHERE BY I INFORMED STAFF OF MY SEIZURE
DISORDER · NEED FOR MEDICATIONS. I WAS PLACED ON A UPPER BUNK AND TOLD
IT WAS THE BEST THEY COULD DO AND NO NEW ORDER WAS PLACED AS I WAS
TOLD IT WOULD BE BY THE DR. ON 8-14 TODAY IN THE MORNING I HAD A SEIZUR
FALLING OUT THE TOP BUNK FURTHER INJURING MY BACK I HAD BEEN RECIEV-
-ING MEDICATION FOR

If you need more space, attach one additional sheet.

B. Action Requested: MY MEDICATIONS PRESCRIBED AS NEEDED. SEE A DR
AS DICTATED FOR CHRONIC CARE

Inmate/Parolee Signature: _Michael Madsen_                    Date Submitted: 8-14-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

AUG 29 2007

OCT 30 2007

CHRONIC CARE FOR SEIZURES. SINCE HAVING THIS SEIZURE 9-14 WHICH NECESSATED BEING TAKEN TO C.T.C BY AMBULANCE I HAVE NOT SEEN A DR NOR HAD INJURIES SUFFERD ADDRESSED I HAVE REPEATEDLY ATTEMPTED TO HAVE DILANTIN STOPPED AS I HAVE SUFFERD (2) SEIZURES TAKING IT AND I KEEP BEING ISSUED IT.

8-22-07

...AME IS MICHAEL MADSEN * D-15433 IM A-117 I WROTE YOU A 602 ON 8-14 ...ER HAVING A SEIZURE. I EXPLAINED IN ...I SAW A DR ON 8-9 WHERE AFTER EXAMINING ME HE DETERMINED I WAS IN NEED OF STRONGER MEDICATION. I WAS ON TRAMADOL X3 TIMES A DAY AND HE PRESCRIBED TYLENOL X3. DUE TO SOME MIX-UP I HAVEN'T RECIEVED ANY PAIN MEDICATION SINCE THAT TIME. I HAVE HAD A BACK OPERATION WHICH HAS LEFT COMPLICATIONS OF SEVERE PAIN AND LOSS OF FEELING IN MY LEG LEFT OR PINS + NEEDLES. I HAVE BEEN ON MEDICATIO. FOR THIS FOR AWHILE NOW. FOR MY SEI--ZURE AS WELL AS MY SITUATION OF NO PAIN MEDICATION I WAS TOLD I WOULD SEE A DR WITHIN DAYS. IT'S BEEN OVER A WEEK NOW. SINCE FALLING OFF THE TOP BUNK HAVING A SEIZURE I CAN BARELY BEN OVER AND EVERY ATTEMPT TO GET MEDICAL ATTENTION IN REGARDS TO THIS HAS BEEN NEGATIVE. COULD YOU PLEASE LOOK INTO MY SITUATION "THANK YOU"

michael madsen

REASONABLE MODIFICATION OR
ACCOMMODATION REQUEST
CDC 1824 (1/95)

INSTITUTION/PAROLE REGION: NSP-S

LOG NUMBER: 07-02748

CATEGORY: 18. ADA

**NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES**

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| MADSEN | D17433 | | | H 117 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

Per attached 602

DESCRIBE THE PROBLEM:

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

INMATE/PAROLEE'S SIGNATURE          DATE SIGNED

AUG 29 2007

PVSP-S-07-02748
Madsen, D-15433
Page 2

C. Herrera, CCII Medical Appeals, interviewed you concerning your appeal issues on October 11, 2007. During the interview you stated that you are no longer taking the pain medication Tramadol and that it has been replaced by Aceta/Codeine (Tylenol #3). You stated that this medication appears to be helping. You did request to discontinue taking Dilantin and stated your reasons for the request were due to the fact you had suffered a previous seizure while taking this medication.

A review of your Pharmacy Profile indicates you are currently receiving numerous medications (see Attached). As indicated during your interview, the current pain medications prescribed to you appear to be helping. Medical Staff were noticed of your decision to cease taking Dilantin; however, you were informed that you need to sign a refusal of medical services until a physician can re-evaluate the prescription.

Considering the above information your appeal is GRANTED at the first level of review. You are receiving medication deemed appropriate by a treating physician.

| DISPOSITION RENDERED BY: (Name) | TITLE: | INSTITUTION FACILITY: |
|---|---|---|
| C. HERRERA | CCII Medical Appeals (A) | PVSP |
| APPROVAL | | |
| ASSOCIATE WARDEN'S SIGNATURE: | DATE SIGNED: | |
| J. AHLIN, Associate Warden, ADA | 10·12· 07 | |

# CALIFORNIA DEPARTMENT OF CORRECTIONS
# PLEASANT VALLEY STATE PRISON-COALINGA

## SUPPLEMENTAL PAGE

**RE:**   Appeal Log No. PVSP-S-07-02748
Second Level Response

MADSEN, D-15433

**APPEAL DECISION:**   **PARTIALLY GRANTED**

**ISSUE APPEALED:**   **ADA**

Appellant states his condition has deteriorated since he initiated this appeal on August 14, 2007. Appellant complains of pain in his lower back and loss of feeling in his left leg which he attributes to the fall he took off of the top bunk on August 14, 2007. Appellant states he has not seen a doctor to address the injuries suffered on this date or as chronic care for seizures. Appellant states he has repeatedly attempted to stop the Dilantin without success.

## APPEAL RESPONSE:

Your appeal was reviewed and given careful consideration by medical, administrative, and appeals staff. The first level of review was conducted by C. Herrera, CCII Medical Appeals (A), at which time your appeal was granted. The second level of review was conducted by F. Igbinosa, M.D., Institutional Medical Director (A).

In your appeal, you request to cease taking Dilantin and have your injuries addressed by a doctor.

Review of your medical record indicates that you are NOT an ADA class member under the Armstrong Remedial Plan. Further review of your medical record indicates you do have a history of seizures to include August 14, 2007, and have been provided a low bunk chrono. Your accusation that you have not been seen by a doctor to address the injuries occurred as a result of your fall is inaccurate. A. Duenas, M.D., conducted a medical examination of you in the Triage and Treatment Area (TTA) after your fall. According to Doctor Duenas' assessment, your chief complaint was of a seizure, previous back surgery, and headache. Doctor Duenas notes that all extremities and neuro were within normal limits, indicating you did not suffer any trauma to these areas as a result of your fall. Doctor Duenas completed prescriptions to include an increase of Gabapentin (Neurontin) from 600 mg to 800 mg.

It is noted that you are in the chronic care program due to your seizure disorder. Your primary care physician will schedule your evaluations based upon his/her professional opinion. You currently have a pending appointment for November 8, 2007. A copy of this appeal has been provided to the D4 medical clinic in order to address all of your concerns noted in this appeal.

PVSP-S-07-02748
Madsen, D-15433
Page 2


Considering the above information, your appeal is partially granted at the second level
of review.  You received a medical examination to address any injuries sustained from
the incident that occurred on August 14, 2007, on this same date.  You are currently
pending    an    additional    medical    examination    by    a    physician    on
November 8, 2007.  You are being treated for your medical condition and are receiving
medications based on the professional medical judgment of the treating physician.


F. IGBINOSA, M.D.                          Date____11/16-/07____
Institutional Medical Director (A)


R. HANSEN                                  Date____11/16/07____
Inmate Medical Services
Associate Warden

REASONABLE MODIFICATION OR ACCOMMODATION REQUEST
CDC 1824 (1/95)

| | | |
|---|---|---|
| **Inmate:** | MADSEN, M. | |
| **CDC #** | D-15433 | **Attachment** |
| **Appeal #** | PVSP-S-07-02748 | |

### REVIEWER'S ACTION

## TYPE OF ADA ISSUE

☒ **PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)**

☐ **Auxiliary Aid or Device Requested**

☒ Other: Requests his medication be prescribed as needed.

☐ **PHYSICAL ACCESS (Requiring structural modification)**

## DISCUSSION OF FINDINGS:

Appellant alleges in his appeal that he was evaluated by a physician on Facility A who was supposed to renew all of his medications, increase Gabapentin, and prescribe a stronger pain medication than Tramadol x3 times a day that he was already taking. Appellant states he was housed in Administrative Segregation on August 10, 2007, where he informed staff of his seizure disorder and his need for medications. According to the appellant, he was housed on an upper bunk and told that it was the best they could do and that no new medication had been prescribed as he believed the physician had done. Appellant states he had a seizure on the date of this appeal, August 14, 2007, causing him to fall off the top bunk and further injure his back which he was receiving medication for.

An additional page was submitted by the appellant and attached to this appeal dated August 22, 2007. Appellant now claims he was seen by a physician on August 9, 2007, where after examination, the physician determined he was in need of stronger medication (from Tramadol x3 times a day to Tylenol x3). Appellant states he has not received any pain medication since that time. Appellant further alleges he was advised he would see a physician within days, but it has been over one week. Appellant claims that he can barely bend over and every attempt to get medical attention in regards to his allegations has been negative.

Appellant requests that his medications be prescribed as needed.

| | |
|---|---|
| October 11, 2007 | C. Herrera, CCII Medical Appeals (A) |
| DATE INMATE/PAROLEE WAS INTERVIEWED | PERSON WHO CONDUCTED INTERVIEW |

## DISPOSITION

☒ **GRANTED** ☐ **DENIED** ☐ **PARTIALLY GRANTED**

**BASIS OF DECISION:**

A review of your Unit Health Record (UHR), and the Disability Effective communication System (DECS) reveals you are NOT a class member in the Armstrong Remedial Plan (ARP). Your UHR does indicate you do suffer from a seizure disorder that requires lower bunk housing.

1

2       EXHIBIT  H

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    INMATE APPEAL. DATED 8-27-07, NEVER RESPONDED TO

24    PER. EMERGENCY DIRECTIVES, FOUR PLUS MONTHS TO

25    RESPOND. CONTINUATION OF SAME PROBLEMS..

26    MADSEN, MICHAEL D-15433

27    (3) PAGES ADDENDUM (A) ATTACHED TO SHOW POLICY..

28    (6) PAGES

        CASE NO. CV07-03161 J.S.W.

EXHIBIT

REQUEST-

Category D4 112

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location:   Institution/Parole Region          Log No.

1. _____          1. _____

2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MICHAEL MADSEN | D-15433 | AD-SEG. | D4-117 |

A. Describe Problem: ON 8-9 I WAS SEEN BY A DR WHO DETERMINED MY LEVEL OF PAIN FROM A "BOTCHED" BACK OPERATION WARRENTED STRONGER MEDS - HE PRESCRIBED TYLENOL #3 IN LIEU OF ULTRAM 3X'S A DAY - SINCE THAT TIME I HAVE REPEATEDLY INFORMED STAFF - CUSTODY + MEDICAL OF THIS PRESCRIPTION AND THE PAIN I AM EXPERIENCING - NO RESULTS. SINCE 8-9 I HAVE RECIEVED NO MEDICATION I AM CCCMS AND HAVE REPEATEDLY ALSO INFORMED MY CASE MANAGER - RYDELL OF THIS SITUATION - BEING IN PAIN. KNOWING I WAS PRESCRIBED MEDICATION WITH AGAIN NO RESULTS. TODAY 8-28 I WAS TOOK TO IDTT

If you need more space, attach one additional sheet.

B. Action Requested: DUE TO THE PAIN IM EXPERIENCING AND TIME ALREADY SPENT TO RESOLVE THIS - REQUEST THIS 602 BE PROCESSED AS EMERGENCY - MEDICATION AS STATED ISSUED IMMEDIATELY.

Inmate/Parolee Signature: _michael madsen_          Date Submitted: 8-27-07

C. INFORMAL LEVEL (Date Received: 01 10 - 08 ) Partially Granted

Staff Response: I/m currently receiving Neurontin and Tylenol #3 for pain, control and nerve damage. Medications being given daily as prescribed.

Staff Signature: _____          Date Returned to Inmate: 1/16/08

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

**HEALTH CARE APPEALS**

CDC Appeal Number: _____

NOV 0 6 2007

WHERE I VOICED THIS PROBLEM AGAIN AS I
LOOKED DOWN AT MY MEDICAL FILE WHERE IT WAS
CLEARLY WROTE AND PRESCRIBED AS I HAVE BEEN
SAYING FOR ALMOST (3) WEEKS NOW - TYLENOL #3
FROM ULTRAM 3X'S A DAY. THIS ORDER WAS WROTE
8·9 AGAIN AS I HAVE EXPLAINED. THE EXPLANATION
GIVEN WAS~ I MAY HAVE TO SEE A DR. OBVIOUSLY I
ALREADY SEEN A DR WAS WHO PRESCRIBED THE
MEDICATION- SO THIS NOT ISSUING IT, NOR EVEN
IN THE (18) DAYS LOOKING INTO WHILE I HAVE REC-
-IEVED NO MEDICATION PERIOD CONSTITUTES MED-
-ICAL INDIFFRENCE ON THE PART OF EVERYONE INVOL-
-VED. DURING THE TIME INVOLVED I HAVE EXPERIENCED
PAIN ON A DAILY BASIS - LIMITED MOBILITY AND
MENTAL STRESS WHICH LEAD TO A DOCUMENTED
SEIZURE ON 8-14 WHERE I FELL OFF THE TOP BUNK
FURTHER ADDING TO THE PAIN I HAVE BEEN I AM
EXPERIENCING ~
REPEATED MEDICAL FORMS* 7362    Michael Madren  8-27-07
ALL UNANSWERD ~                              D-15433
NOTE: ON 8-14 I WAS TAKEN BY AMBULENCE
TO C.T.C AFTER HAVING A SEIZURE I WAS TOLD I WOULD
BEEN SEEN BY A DR WITHIN (2) DAYS FOR MEDICATION-
MEDICAL EVALUATION - WAS NEVER SEEN

State of California                                                    Department of Corrections

# Memorandum

Date:        October 30, 2007

             I. HAYDEN, RN
             Registered Nurse

Subject:     **EMERGENCY APPEAL MEMORANDUM**

             MADSEN, CDC No. D15433, has submitted the attached appeal, dated 08/27/07, to the
             Medical Appeals Office for processing.    The patient has indicated that this is an
             "Emergency" appeal.

             Please review the appeal and determine if this appeal should be processed as an
             emergency per CCR Title 15, Section 3084.7(a)1.

             *J.Cassity/M.Popejoy*
             Health Care Appeals Analyst
             Pleasant Valley State Prison (PVSP)

             _____This appeal meets the criteria as an emergency appeal and will be processed in
             accordance with CCR Title 15, Section 3084.7 (a)(1) at the Second Level of Appeal within 5
             working days.

             _____This appeal does not meet the criteria as an emergency appeal and will be
             processed in accordance with CCR Title 15, Section 3084.7(a)(1) and will be processed
             using regular time frames.

             *I. Hayden RN*                        *10/31/07*
             I. HAYDEN                             Date
             Registered Nurse
             Pleasant Valley State Prison



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Penny Godbold
Megan Hagler
Alison Hardy
Vibeke Martin
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

Dear Sir or Madam:

We write in response to your letter regarding medical care. Any documents that you sent are returned. This letter explains what we can and cannot do about your medical care concern, and what you can do to help yourself. We apologize for this form letter, but it is the only way this office can quickly reply given the large number of letters we receive.

In June 2002, a federal court order was entered in a lawsuit known as the *Plata* case. *Plata* is a federal civil rights class action lawsuit regarding medical care in all California prisons. Every CDC prisoner who has a serious medical condition is a member of the class (group of prisoners) covered by the lawsuit. The court order requires prison officials to make major changes in medical care. Some changes have been made at all prisons. However, most changes have been or will be made under a schedule requiring changes at several prisons each year between 2003 and 2008. Enclosed with this letter is a summary of the major changes that will be made, and the schedule for when the changes will be made at each prison. In addition, the June 2002 Court Order (Stipulation for Injunctive Relief) and the inmate medical policies and procedures should be available at your law library. In December 2005 the federal court ordered prison officials to immediately increase the pay for prison medical workers, to reduce the severe shortages of doctors, nurse practitioners, and nurses at many prisons. More recently, the federal court concluded that prison officials were unable to adequately operate the prison medical system by themselves and in February 2006 appointed an outside person – a Receiver – to run the prison medical system.

This office represents all prisoners in the *Plata* case. Our work is focused on making sure that prison officials improve medical care at each prison, as required by the Court Orders in the case. We do this through regular monitoring trips to the prisons, reviewing letters from inmates (almost every day we receive and respond to dozens of letters about medical care), writing and talking with prison officials, communicating with the independent Court-appointed medical experts in the case, and when necessary asking the federal court to take further action. We are trying to get the prisons to improve care as quickly as possible.

Under the *Plata* case, this office can bring individual inmate medical care concerns to the attention of the Attorney General (the lawyer who represents prison officials) only if: (1) the prisoner has exhausted administrative remedies (received a Director's Level response to a 602), or (2) there is an

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

urgent medical condition. An urgent medical condition is one for which significant injury or death will result if not treated. Most medical concerns, although serious and important, are not urgent.

Based on the information you sent, we have determined that you need to exhaust administrative remedies before we can consider bringing your case to the attention of the Attorney General under *Plata*. Thus, with regard to your individual medical concern, we can at this time only offer you advice about how to help yourself. As explained below, we will review your medical care concern again if you send us a third level administrative appeal (602) response regarding your concern or if it becomes a truly urgent medical condition. The following explains what we might be able to do for you in the future, and what you can do on your own, regarding your medical care concern. **THE FOLLOWING ADVICE IS VERY IMPORTANT**, because it explains how to present your medical care concern to this office again if you do not resolve your problem, and how to protect your right to file an individual lawsuit.

### ADVICE REGARDING YOUR MEDICAL CONDITION

1. Continue to present your medical care concerns to medical staff through the "sick call" process.
2. File and pursue an administrative appeal (602) through <u>ALL</u> levels of the appeal response (including the Director's level).

We know that the 602 process has problems, including delayed responses at some prisons. Under *Plata*, we are working to improve medical appeals. Regardless of the delays, it is vital that you use the process. This office in most cases can bring your medical care concern to the attention of prison officials only if you have received a Director's level response to a 602 on the medical care issue.

Both California and federal law require that administrative remedies be exhausted before a prisoner can file a formal legal action in court about a prison condition. This means a prisoner must receive a 602 response from the Director's level before filing a state court petition for writ of habeas corpus regarding medical care, or a federal civil rights action seeking money damages or a court order. See *Booth v. Churner* (2001) 531 U.S. 956.

For these reasons, this office STRONGLY RECOMMENDS that you file and pursue a 602 to the Director's level regarding your medical care concerns. Two blank 602s are enclosed for your convenience. Also enclosed is an advice letter about medical care 602s.

You can write us again after you have received a Director's level response to your medical care 602, or if some other medical concern arises that is truly urgent. You should send us a copy of the 602, all responses, and any other relevant documents. We will at that time review your situation and determine whether we can provide assistance under the *Plata* case. Finally, if your letter raised issues addressed in other class action suits handled by this office, you may have already, or may in the future, receive additional mail from us.

Prison Law Office

Rev 9/06

## Summary of Medical Care Improvements Required by the Plata Court Order

**Reception Center**: Improved new arrival screening; physical exam by doctor required within 14 days.

**Sick Call**: A registered nurse (RN) must review sick call slips every day to determine urgent or emergency problems and must do a face-to-face interview with patients within one working day of receiving the sick call slip. Sick call with the clinic doctor within one day to two weeks, depending on the seriousness of the problem. Priority ducats will be issued for appointments.

**Specialty Clinics and Consultations**: Specialty appointments must be completed within 14 to 90 days of approval depending on seriousness of problem; prisoners waiting for a specialty appointment must be seen by a doctor every 30 days. Follow-up appointment with clinic doctor within 14 days of appointment.

**Urgent / Emergency Response**: A RN must be available on-site at all times; a RN or a physician must decide every case of urgent or emergency care, through either a face to face evaluation or a phone call with the inmate-patient.

**Infirmary Care**: New procedures established for operation of correctional treatment centers and outpatient medical units; follow-up appointment with primary care physician required within three working days of discharge.

**Preventive Care**: Cancer screening and other preventive services as recommended by the United States Preventive Services Task Force.

**Chronic Care**: Patients with chronic medical conditions (for example, diabetes or heart disease) must be identified and enrolled in chronic care program in which they are seen by a doctor at least every 90 days (unless the condition is well-controlled) for evaluation and treatment with standardized guidelines.

**Diagnostic Services**: Routine blood tests required to be drawn within 10 days; routine x-rays to be completed within 30 days (one business day for urgent requests); patient required to be notified of blood test results.

**Medication**: Formulary prescriptions to be filled immediately if an emergency or urgent, or within 24 hours if routine; adequate pharmacy staffing and space required; medication renewal and refill system required.

**Medical Diets**: Required for end-stage liver and kidney organ patients; nourishment bags and diet supplements available to others as medically necessary.

(over)



General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

## How To File A CDCR Administrative Appeal (602) about Medical Care (updated 2/2007)

A prisoner can file a CDCR 602 form to complain about an action taken by any employee of the Department of Corrections and Rehabilitation (CDCR) or any CDCR policy or procedure with a bad effect on the prisoner. Using the 602 form is called filing an "administrative appeal." This handout provides specific information about how to file a 602 complaining about a lack of medical care or improper medical care.

Filing a 602 takes time and work. However, it might solve your problem, and it must be done if you might ever want to file a formal legal action about the situation. Also, the court order in *Plata v. Davis*, the federal civil rights class action regarding prison medical care, requires that prisoners use the 602 process to try to solve medical care problems before the prisoners' attorneys can ask the Attorney General's office to review those problems, except in emergencies.

### Medical Care 602s -- Four Key Tips

**1. Be clear and specific about what has happened and what you want to happen.** Use **CDCR Form 602** to describe your medical care problem in detail. You begin by filling out **Part A** and **Part B.** If you need more space, you may attach one extra page (you can write on the front and back). When writing the 602, describe in Part A the problem that you are appealing. Try to be as clear as possible about what happened, when it happened, who did it, and what else you have already tried to do to solve the problem. Avoid general legal claims; be specific. If medical staff have ordered a particular type of care, medication or referral to a specialty clinic, and you have not received it, you should include the date of the order and the name of the doctor who ordered it. If medical staff have refuse to provide a particular type of treatment, state clearly who denied the treatment and when, as well as why you think the treatment is medically necessary. For example, you might think that a particular type of treatment is necessary because you were prescribed that treatment successfully while you were on the outside and your current treatment is not helping you as much Then, in part B, try to write exactly what it is that you want the medical staff to do. You should discuss only one type of medical claim in each 602, but you should include every issue related to that particular claim or you may risk losing your rights to raise the issue in the future.

**2. Keep a Copy of and Track your 602.** Sometimes 602s are lost or not answered by prison staff. To be prepared for this, you should make copies of the 602 and all documents that you attach to the 602. If you cannot make a photocopy then at least write out a second copy of the 602 itself for yourself to keep. You should also keep notes about the dates you send your 602s, and who you give or send them to.

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

**Note:** If the 602 qualifies as an "emergency appeal" you do not need to get Informal Level review and can send the 602 directly to the First Formal Level. (15 CCR §3084.7(a)) [See below for more information on emergency appeals].

**The First Formal Level:** If your medical problem has not been completely solved, or if you do not agree with the informal response, you should fill out **Part D** of the 602 form, and send the form back to the Appeals Coordinator for First Formal Level review. The appeals office staff will again forward the appeal to the medical appeals analyst, who will send it to a medical staff member to answer. Prison officials can decide to skip, or "bypass" this level for complaints involving employee misconduct.

Normally, prison staff will interview you as a part of the First Level review. You should not refuse the interview, as it will cause the 602 to be denied. The First Level answer must be completed by the staff within 30 working days, and will be put in **Part E** of the Form 602 (15 CCR §3084.6(b)(2)). The 602 will then be returned to you.

**The Second Formal Level:** If the problem is not solved at the First Level, you may use **Part F** to explain why you do not agree. You should then send the 602 back to the Appeals Coordinator for Second Level review. The Second Level answer must be completed by the Warden, or a person designated by the Warden, within 20 working days. The answer will be set forth in **Part G** (15 CCR §3084.6(b)(3)).

**The Third Formal Level:** If the Second Level review does not solve the problem, you may fill out **Part H** and send the 602 to CDCR Headquarters in Sacramento for Third Level review. The address where you should send the 602 is on the bottom of the 602 form. Under the *Plata* settlement, · Third Level responses to medical 602sare supposed to be completed and returned to the prisoner within 30 days. (Third Level responses for most non-medical appeals may take up to 60 working days. (15 CCR §3084.6(b)(4)).)

If your problem has still not been solved after you get the Third Level response, you may file a state court petition for a writ of habeas corpus. You will need to attach the Director's Third Level decision to your petition to prove that you have "exhausted the administrative remedies." You may also file a federal civil rights action for injunctive relief and/or money damages. The Prison Law Office has free manuals which provide information about how to file state habeas petitions and federal civil rights complaints. If you want one or both of these manuals, you should send a written request to the Prison Law Office.

### 2. Time Delays in Responding To Medical 602s

CDCR staff sometimes do not meet the 602 response time deadlines. Under some circumstances, CDCR rules permit delayed responses, such as when witnesses are not available, the matter is complex, or outside agencies must be involved. CDCR rules require that you be given written notice whenever a 602 is delayed beyond the time limit, the reason for the delay, and the estimated completion date. If the CDCR does not comply with the time limits, you may appeal this procedural violation on a separate 602, stating the time limits and the log number of your original appeal.

**Prison Law Office**
Information re: Medical Administrative Appeals (602)
Updated 2/2007

First Level answer is due within 15 working days. (15 CCR §3085(a); *Armstrong v. Wilson* Remedial Plan (Jan. 3, 2001) §IV.I.23(e).) If you do not agree with the First Level response, you can file the appeal to the Second Level by attaching the 1824 form to a regular 602 appeal form, filling out section F of the 602, and sending both forms to the Appeals Coordinator. You should do this within 15 days after you get the First Level answer. The Second Level answer is then due in 15 working days. (*Armstrong v. Wilson* Remedial Plan (Jan. 3, 2001) § IV.I.23(e).) You can also send the appeal to the Third Level, just like a regular 602 appeal, and you should get the Third Level response within 20 working days. (*Ibid.*)

1
2          EXHIBIT   I
3
4
5                                        RECEIVED
6                              MAR 3 1 2008
7                              RICHARD W. WIEKING
8                      NORTHERN DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24  LETTERS  TO  ATTORNEYS, DISSEMINATED BY MADSEN,
25  MICHAEL D-15433.  SHOWING ATTEMPTS TO PROCURE
26  REPRESENTATION FOR THIS CIVIL CASE.
27  (4) PAGES
28   CASE NO. CV07-0316) J.S.W.

COURT PAPER
STATE OF CALIFORNIA

EXHIBIT #1 CASE NO. CV07-03161 JSW

I AM A INMATE AT P.V.S.P IN COALINGA,
I AM WRITING TO REQUEST YOUR REPRESENT-
ATION IN A CIVIL RIGHTS CASE

12-5-07

FOR APPRX. (8) YEARS NOW I HAVE SUFFERD
A SEIZURE DISORDER. THIS WAS A RESULT OF
A CAR ACCIDENT, BEING KNOCKED UNCON-
-SCIOUS. THIS CONDITION IS WELL DOCUM-
-ENTED IN MY C.D.C FILE

WHILE BEING INCARCERATED I HAVE BEEN
ON NERONTIN TO CONTROL THESE SEIZURES
BEGINING 6-17-06 I BEGAN INFORMING
MEDICAL PERSONEL AND STAFF MY MEDS
WERE EXPIRING I HAVE NUMEROUS PAPERS TO
DOCUMENT THIS. ALL ATTEMPTS ON MY PART
WENT UNANSWERD AND ON 6-28-06 MY
SEIZURE MEDICATION WAS ALLOWED TO EXPIRE
EVEN IN LIGHT OF ME SHOWING STAFF
AND MEDICAL PERSONEL I DID SUFFER A
SEIZURE DISORDER. NOTE AT THIS TIME
I WAS IN AD SEG WITH A LIMITED ABIL-
-ITY TO CONTACT PERSONEL WHO COULD
PRESCRIBE ME THIS MEDICATION SO WAS
DEPENDANT ON M.T.A.S MAKING "ROUNDS"
AND SUBMITTING SICK CALL SLIPS (NUM-
-EROUS) EVERY ATTEMPT ON MY PART WAS
DONE TO BRING ATTENTION TO MY MED-
-ICATION EXPIRING AND IT WAS SPECIF-
-ICALLY FOR SEIZURES.
ON 7-2-06 AT APPRX 11:20 PM I DID

IN FACT HAVE A SEIZURE WHERE
BY NIGHT STAFF DID NOT RESPOND NOR
NOTIFY MEDICAL PERSONEL. I FELL OFF
A UPPER BUNK WHERE I SUFFERD HEAD
INJURIES AS WELL AS BACK INJURIES. ONLY
THAN WAS MY MEDICATION RENEWED AND
PUT (AR) AUTOMATIC RENEWAL SO IT
WOULD'NT EXPIRE AGAIN.
SHORTLY AFTER THIS INCIDENT AS MY MED-
-ICATION WAS AGAIN SET TO EXPIRE I
BEGAN INFORMING M.T.A MS. POWERS. I
SUFFERD SEIZURES, SHOWED HER DOCUMENT-
-ATION AND THE NEED FOR THIS MED-
-ICATION. SHE FAILED TO LISTEN AND RE-
-SPONDED "SHE DID'NT CARE" AS SHE WAS
ALSO VERY DISRESPECTFUL. NOTE I AM
UNDER CHRONIC CARE FOR SEIZURES WHICH
MEANS IM SUPPOSE TO BE SEEN ON A
REGULAR BASIS SO TOO NO MEDICATION IS
EVER SUPPOSE TO EXPIRE. AFTER APPRX.
(7) DAYS OF TRYING BY EVERY CONCIEVABLE
MEANS AVAILABLE TO ME (DOCUMENTATION
AVAILABLE TO SUBSTANTIATE THIS) ON 1-6-07
I SUFFERD ANOTHER SEIZURE WHERE ONCE
AGAIN I FELL OUT OF A BED - SUFFER-
-ING HEAD INJURIES AND BACK INJURIES
DUE TO MEDICAL STAFF AND CUSTODY

STAFF'S I BELIEVE COMPLETE
MEDICAL INDIFFERENCE.

MY MEDICAL FILE AS WELL AS
PAPERWORK VERIFIES THE ABOVE FACTS
IN THIS CASE AS WELL AS THIS PARTIC-
-ULAR M.TA. MS POWERS AND HER
LACK OF PROFESSIONALISM AND CARE
SHE BEING THE A.M. M.T.A WAS IN
CHARGE OF "ROUNDS" AND BRINGING
ATTENTION TO ANY MEDICAL NEEDS
OF THOSE IN THAT PARTICULAR
BUILDING.

I HAVE SUFFERD LASTING INJURIES
AND THESE FROM THESE EVENTS AND IN
UTILIZING THE GRIEVANCE SYSTEM, MY
FIRST GRIEVANCE WAS DENIED - EMERGENCY
SHORTLY AFTER I HAD A SEIZURE. I
ATTEMPTED GRIEVING THE FACT I NOW
HAVE HAD A SEIZURE BECAUSE OF MY
LACK OF MEDICATION THAT GRIEVANCE WAS
DENIED IN IT'S ENTIRETY AS A "DUPLI-
-ATE ISSUE" SHORTLY THERE AFTER MY
MEDICATION WAS RENEWED I AM ENCL-
-OSING WHAT LITTLE PAPERWORK AVAILABLE
TO ME IN REGARDS TO THIS AND WILL IF
YOUR INTERESTED IN MY CASE SIGN A

MEDICAL CONSENT GIVING YOU
FULL ACCESS TO MY MEDICAL FILES.
   I WOULD LIKE TO SEEK MONEY
DAMAGES FOR WHAT HAPPEND TO ME
AND BELIEVE I HAVE A STRONG CASE
BASED ON FARMER V. BRENNAN 114. S. CT.
1970, 1979 / 128 L. ED. 2nd 811 (1994) AND
BILLMAN V. INDIANA DEPT. OF CORR. 56 F.3d
785. 788 ( 7TH CIR. 1995)
   WILL YOU REPRESENT ME OR ATLEAST
CONSIDER MY CASE UPON REVIEWING WHAT
I HAVE AVAILABLE.
   "THANK YOU" FOR YOUR TIME AND
CONSIDERATION AS I LOOK FORWARD TO
HEARING FROM YOU SOON

                    SINCERELY
                    michael Wadren
                    MICHAEL MADSEN
                        D-15433

1
2          EXHIBIT   J
3
4
5                              RECEIVED
6
7                          MAR 3 1 2008
8                        RICHARD W. WIEKING
                      CLERK, U.S. DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24    LETTER TO  MADSEN, MICHAEL AND CORY OF LETTER
25    DISSEMINATED ON HIS BEHALF CONTINUEING TO ATTEMPT
26    RECTIFICATION OF PROBLEMS., BY JEAN LYNN.
27    (2) PAGES
28    CASE NO. CV07-03161  J.S.W.

COURT PAPER
STATE OF CALIFORNIA



Shirley Dicks, Founder
PO Box 342
Beechgrove, TN 37018
www.jeffdicksmedical.com

Jean Lynn, CA Chair
1407 Foothill Blvd. #135
La Verne, CA 91750
Jeanlynn536@aol.com

Date:       January 14, 2008

To:         Michael Madsen D-15433
            Pleasant Valley State Prison D4-112
            P.O. Box 8504
            Coalinga, CA 93210

From:       Jean Lynn, California State Chair
            1407 Foothill Blvd. #135
            La Verne, CA 91750
            jeanlynn536@aol.com

Re:         Medical Care

We received your recent letter requesting our intervention with CDCR medical. We have written to the
Correspondent's Control Unit and the Ombudsman on your behalf. A copy was sent to Federal Judge
Thelton E. Henderson, who has put the CDCR medical care under federal receivership. Also, a copy
was sent to the Federal Receiver, Robert Sillen. Enclosed is a copy of the letter. If your medical care
does not improve, and you wish us to continue the intervention process, please write again. If after
about a month from the date of the letter we have written on your behalf, there has been no
improvement we will continue the intervention process.

If you have an outside loved one that can intervene on your behalf they may call the Ombudsman and
write the Correspondents Control Unit for you. They may call the CDCR Ombudsman at 916.445-1748,
and write the medical hotline with your concerns at:
                    Correspondents Control Unit
                    California Department of Corrections and Rehabilitation
                    P.O. Box 942883
                    Sacramento, CA 94283-0001
California is under Federal order to improve the medical care delivered to prisoners. We are expecting
an improved medical system available to you in the future. Currently, the CDCR is in the process of
hiring medical professionals and properly staffing the prison medical facilities. The overall vacancy rate
has been reduced from 31% to 21% and positions continue to be filled. The focus remains on San
Quentin, as the pilot project, but pilot programs are beginning at both CMF and CSP to turn around the
pharmacy system. Sillen is now piloting a training program for newly hired nurses, implementing
improved asthma care, and is set to build 5,000 medical and 5,000 mental health beds statewide. His
hope is to one day have a medical organization similar to the way Kaiser Permanente Medical is
organized.

It is our belief that every person deserves the appropriate and correct medical treatment while in
custody. We believe it is the intent of our Justice System to punish people by sending them to prison,
and that it is the law that they receive medical care at the level available to community members.

# INCARCERATION WITHOUT REHABILITATION AND MEDICAL CARE IS A CRIME!

Updated September 2007



Shirley Dicks, Founder
PO Box 342
Beechgrove, TN 37018
www.jeffdicks.net

Jean Lynn, CA Chair
1407 Foothill Blvd. #135
La Verne, CA 91750
Jeanlynn536@aol.com

Date:     January 14, 2008

To:       Correspondents Control Unit
          California Department of Corrections and Rehabilitation
          P.O. Box 942883
          Sacramento, CA 94283-0001

From:     Jean Lynn, California State Chair
          1407 Foothill Blvd. #135
          La Verne, CA 91750
          jeanlynn536@aol.com

Re:       Michael Madsen D-15433
          Pleasant Valley State Prison D4-112
          P.O. Box 8504
          Coalinga, CA 93210

The Jeff Dicks Medical Coalition has been given information Michael Madsen may have a serious medical problem that is in need of medical care. Michael reports to us that he suffers pain from a previous back operation that has also made daily tasks difficult. Michael also suffers with a seizure disorder, and has had problems receiving his medications in a continuous manner. This has caused him to have seizures, and causes the pain in his back to intensify. He has fallen off the top bunk during seizures and this has caused further injuries to his back. Michael is a chronic care patient and he should be able to get his seizure medication without interruptions. We at the Jeff Dicks Medical Coalition are asking that you help this prisoner receive the medical care he needs.

It is our belief that every person deserves the appropriate and correct medical treatment while in custody. We believe it is the intent of our Justice System to punish people by sending them to prison, and that it is the law that they receive medical care at the level available to community members. Any help would be greatly appreciated.

cc:    Robert Sillen, Federal Receiver        Ken Hurdle, Ombudsman
       Senior Judge Henderson                 Prison Law Office
       Prisoner

# INCARCERATION WITHOUT REHABILITATION AND MEDICAL CARE IS A CRIME!